NO. 07-02-0027-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 22, 2002
_____

TEXAS DEPARTMENT OF PUBLIC SAFETY,

Appellant

v.

LISA WILMOTH,

Appellee
_____

FROM THE COUNTY COURT AT LAW NO. 3 OF MONTGOMERY COUNTY;

NO. 01-15,824; HON. MASON MARTIN, PRESIDING
_____

Before BOYD, C.J., QUINN and REAVIS, J.J.

The Texas Department of Public Safety (DPS) appeals from a final order reversing the decision suspending Lisa Wilmoth's (Wilmoth) driving privileges. Wilmoth's privileges were suspended via an administrative hearing after being arrested for driving while intoxicated. Appeal was then taken to the local county court at law, which court reversed the order of suspension. That court so acted upon being presented with evidence indicating that the State 1) opted not to prosecute Wilmoth for driving while intoxicated and 2) dismissed those charges against her. Through its sole point on appeal, the DPS argues

that the county court should not have reversed the suspension simply because the State dismissed the pending criminal proceeding for driving while intoxicated. We affirm.

One whose license has been suspended may appeal to the county court at law for the county in which the person was arrested. TEX. TRANS. CODE ANN. §524.041(b) (Vernon 1999). Furthermore, review on appeal is generally restricted to the record certified by the State Office of Administrative Hearings. *Id.* at §524.043(a).

Here, Wilmoth appealed the decision of the administrative law judge. In her "Petition of Appeal from Driver's License Suspension," she asserted four grounds allegedly justifying reversal. They were: 1) the DPS failed to comply with "the dictates of Section 724 of the Texas Transportation Code and Art. 6687b-1, and the agency's findings, inferences, and decisions [were] in violation of the statute and rules"; 2) the agency's findings and decision were not supported by substantial evidence; 3) the agency's findings and decision were arbitrary and capricious and exhibited an abuse of discretion; and 4) the evidence was insufficient to support suspension of driving privileges. At trial, the record developed at the administrative law hearing was tendered to and received by the county court. Then, counsel for Wilmoth tendered to the court evidence that the pending criminal charge for driving while intoxicated had been dismissed by the district attorney.[1] This induced the county court to question the DPS about how Wilmoth's license could remain suspended if the State was not going to press the criminal charge. Thereafter, the county court

---

[1]The trial court may permit the tender of additional evidence if "material" and "good reasons" exist for the failure to present it at the administrative law hearing. TEX. TRANS. CODE ANN. §524.043(b) (Vernon 1999). Pursuant to §524.043(b), however, the additional evidence is to be tendered to the administrative law judge "on conditions determined by the [county] court." *Id.* The DPS does not present an issue on appeal concerning whether the county court at bar had the authority to itself receive evidence of the dismissal. So, we do not address that matter.

2

entered its order reversing the suspension. No reasons supporting the decision were mentioned in the order. Nor did anyone request findings of fact and conclusions of law.

On appeal, the DPS cites authority purportedly holding that an administrative decision suspending driving privileges cannot be reversed simply because the State refused to press or dismissed criminal charges for driving while intoxicated. *See e.g., Texas Dept. Public Safety v. Stacy*, 954 S.W.2d 80 (Tex. App.--San Antonio 1997, no writ). However, it said nothing about the other grounds urged by Wilmoth in her live pleading and purportedly justifying reversal. Nor did it address whether the administrative record supported the administrative law judge's decision, an issue which Wilmoth also raised.

When written findings of fact and conclusions of law are not requested or filed, then the decision being reviewed must be affirmed on any legal theory finding support in the evidence. *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex. 1984); *Southwestern Newspapers Corp. v. Curtis*, 584 S.W.2d 362, 366 (Tex. Civ. App.--Amarillo 1979, no writ). Moreover, oral pronouncements by the trial court which allegedly explain its decision cannot be substituted for those absent findings of fact and conclusions of law. *In re W.E.R.*, 669 S.W.2d at 716; *Southwestern Newspapers Corp. v. Curtis*, 584 S.W.2d at 366; *accord, Tate v. Tate*, 55 S.W.3d 1, 7 n.4 (Tex. App.--El Paso 2000, no pet.) (stating that oral pronouncements of the trial court will not be accepted as findings of fact). As noted in *W.E.R.*, the appellate court is not permitted to consider those oral comments. *In re W.E.R.*, 669 S.W.2d at 717. Finally, when a decision or judgment must be upheld on any ground supported by the record, it is the appellant's burden to assign error to each ground or the decision will be affirmed on the ground to which no complaint was made. *Secure*

*Comm, Inc. v. Anderson*, 31 S.W.3d 428, 430-31 (Tex. App.--Austin 2000, no pet.); *accord, In re T.M.*, 33 S.W.3d 341, 348 (Tex. App.--Amarillo 2000, no pet.) (holding that the appellant waived complaint because it did not negate each potential basis supporting the trial court's ruling).

Here, the county court received into evidence the administrative record and made a ruling. However, it did not enter written findings of fact and conclusions of law evincing its reason for so ruling. Nor can its oral statements about the legality of maintaining the license suspension after criminal charges were dismissed be considered as such findings and conclusions. *In re W.E.R., supra*; *Southwestern Newspapers Corp. v. Curtis, supra.* Thus, it was incumbent upon the DPS to address each ground asserted by Wilmoth as justifying reversal. It did not do so. Instead, it restricted its complaint on appeal to the proposition that dismissing a criminal charge for driving while intoxicated did not warrant reversal of the administrative decision. Consequently, it failed to carry its appellate burden as described in *Secure Comm* and *In re T.M.* And, by failing to carry its burden it waived its opportunity to complain of the order. *Secure Comm, Inc. v. Anderson*, 31 S.W.3d at 430-31.

We affirm the final order of the county court.

Brian Quinn
Justice

Do not publish.