NO. 07-03-0450-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 18, 2005

_____

TEXAS DEPARTMENT OF PUBLIC SAFETY, APPELLANT

V.

DONNA LEATH, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 3 OF MONTGOMERY COUNTY;

NO. 03-16,650; HONORABLE MASON MARTIN, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

The Texas Department of Public Safety appeals an order reversing an administrative

decision to uphold the suspension of Donna Leath's driver's license due to her failure to

provide a breath sample following her arrest for driving while intoxicated. By two issues,

the Department contends the trial court erred in (1) holding that the license suspension

should be dismissed based on the prosecutor's decision not to pursue criminal charges, and (2) reversing the administrative decision because its findings regarding reasonable suspicion, probable cause, and Leath's refusal to submit to a breath test are supported by substantial evidence. We reverse.

On December 27, 2002, Leath was stopped after a DPS officer on patrol observed her vehicle weaving within a lane. When the officer confronted Leath, he noticed her speech was slurred and detected the odor of alcohol coming from the interior of the vehicle. The officer had Leath perform several field sobriety tests. She failed to pass the tests and was arrested for driving while intoxicated. After arriving at the county jail, the arresting officer asked her to provide a breath sample to determine the level of alcohol in her system. Because she did not respond to the request her driver's license was suspended. Pursuant to section 524.041 of the Transportation Code, Leath requested an administrative hearing to contest the suspension. After examining the evidence, the administrative judge upheld the Department's decision. She subsequently appealed the decision to the County Court of Law No. 3 in Montgomery County. Concluding that the initial stop was not supported by reasonable suspicion or probable cause, the court reversed the administrative decision and ordered that the Department reinstate Leath's license.

By its first issue, the Department claims the court's judgment was in error because it was based on the District Attorney's decision not to prosecute Leath for driving while intoxicated. We disagree. We considered this same issue in Texas Department of Public

2

Safety v. Wilmoth, 83 S.W.3d 929 (Tex.App.–Amarillo 2002, no pet.). In that case, no reasons supporting the decision to reverse were cited in the court's order, and there were no findings of fact and conclusions of law. *Id.* at 931. We held that when written findings of fact and conclusions of law are not requested or filed, then the decision being reviewed must be affirmed on any legal theory finding support in the evidence. *Id.* Moreover, we stated that oral pronouncements by the court which allegedly explain its decision cannot be substituted for those absent findings of fact and conclusions of law. *Id.*

Here, the Department bases its argument on statements made by the court pertaining to the prosecutor's decision not to pursue felony DWI charges. As in *Wilmoth*, the reasons for reversal are not clearly stated. Although the Department requested specific findings of fact and conclusions law, none were issued or filed. However, the court's order provides that the DPS officer "did not have probable cause to stop Ms. Leath" and "reasonable suspicion did not exist to make the stop." Therefore, in the absence of specific findings, we must disregard the oral statements of the court and look to the reasons for reversal referenced in the court's order.

The Department also insists the court was misguided because it considered the decision not to prosecute as the equivalent of an acquittal. However, absent specific findings, we are not persuaded by this theory, as the court here acknowledged "[t]he only way you can be acquitted is to have a jury acquit you by listening to the evidence." Accordingly, we do not find it persuasive that the trial court based its decision solely on the

3

prosecutor's decision not to pursue criminal charges. The Department's first issue is overruled.

By its second issue, the Department argues the court's order reversing the suspension was erroneous because the administrative findings pertaining to reasonable suspicion, probable cause, and Leath's refusal of the breath test were supported by substantial evidence. We agree.

Courts review administrative license decisions under the substantial evidence standard. *See* Tex. Transp. Code Ann. § 524.041 (Vernon 1999); Tex. Gov't Code Ann. § 2001.174 (Vernon 2000). A court applying the substantial evidence standard of review may not substitute its judgment for that of the agency . Tex. Gov't Code Ann. § 2001.174; Mireles v. Tex. Dep't of Public Safety, 9 S.W.3d 128, 131 (Tex. 1999). The issue for the reviewing court is not whether the agency decision was correct, but whether the record demonstrates some reasonable basis for the agency's action. *Mireles*, 9 S.W.3d at 131. Courts must affirm administrative findings in contested cases if there is more than a scintilla of evidence to support them. R.R. Comm'n of Tex. v. Torch Operating Co., 912 S.W.2d 790, 792-93 (Tex. 1995). In fact, an administrative decision may be sustained even if the evidence preponderates against it. *See id.* at 793.

A reviewing court applying the substantial evidence standard "shall reverse . . . if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . not reasonably supported by

4

substantial evidence considering the reliable and probative evidence in the record as a whole . . . ." Tex. Gov't Code Ann. § 2001.174(2)(E). Whether an agency's decision is supported by substantial evidence is a question of law. Tex. Dep't Public Safety v. Jackson, 76 S.W.3d 103, 106 (Tex.App.–Houston [14th Dist.] 2002, no pet.). Therefore, we review the trial court's judgment under a substantial evidence review *de novo*. *Id.*

At an administrative license hearing, the Department must prove by a preponderance of the evidence (1) that the person had an alcohol concentration of a level specified by section 49.01 of the Penal Code, while operating a motor vehicle in a public place, and (2) that there existed reasonable suspicion to stop or probable cause to arrest. Tex. Transp. Code § 524.035(a). *See also* Tex. Transp. Code Ann. § 724.042(1), (2) (Vernon Supp. 2004-05) (stating the issues for a hearing on the refusal to submit to a breath test upon request). At the hearing in the present case, the arresting officer testified Leath's vehicle was "moving erratically" and "drifting back and forth from the outside lane . . . using up the entire lane, with the tires on both sides touching the lane stripes and the fog lines, but not crossing." He also stated that she was "going slightly slower than the flow of traffic." In his written offense report the officer explains that he stopped and investigated the vehicle because it was being driven in a manner "consistent with an ill or intoxicated driver."

During his investigation, the officer noticed Leath's speech was slurred and detected "a strong odor of alcoholic beverage coming from the interior of the [vehicle]." After Leath

5

failed multiple field sobriety tests, the officer concluded that she was intoxicated and placed her under arrest. Under the substantial evidence standard, we find this evidence to be more than a scintilla and sufficient to provide a reasonable basis for the administrative finding that reasonable suspicion to stop and probable cause to arrest existed under the circumstances presented.[1] The trial court erred in holding otherwise. The Department's second issue is sustained.

Accordingly, we reverse the order of the trial court and affirm the administrative decision upholding the license suspension.

Per Curiam

Johnson, C.J., not participating.

---

[1]The Department also refers to the administrative finding that Leath refused to submit a breath specimen after being requested to do so. However, the trial court did not address this finding, and we do not find the evidence to be contrary on appeal.