NO. 07-03-0450-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 18, 2005



______________________________




TEXAS DEPARTMENT OF PUBLIC SAFETY, APPELLANT



V.



DONNA LEATH, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW NO. 3 OF MONTGOMERY COUNTY;



NO. 03-16,650; HONORABLE MASON MARTIN, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

 The Texas Department of Public Safety appeals an order reversing an administrative
decision to uphold the suspension of Donna Leath's driver's license due to her failure to
provide a breath sample following her arrest for driving while intoxicated. By two issues,
the Department contends the trial court erred in (1) holding that the license suspension
should be dismissed based on the prosecutor's decision not to pursue criminal charges,
and (2) reversing the administrative decision because its findings regarding reasonable
suspicion, probable cause, and Leath's refusal to submit to a breath test are supported by
substantial evidence. We reverse.

 On December 27, 2002, Leath was stopped after a DPS officer on patrol observed
her vehicle weaving within a lane. When the officer confronted Leath, he noticed her
speech was slurred and detected the odor of alcohol coming from the interior of the vehicle. 
The officer had Leath perform several field sobriety tests. She failed to pass the tests and
was arrested for driving while intoxicated. After arriving at the county jail, the arresting
officer asked her to provide a breath sample to determine the level of alcohol in her system.
Because she did not respond to the request her driver's license was suspended. Pursuant
to section 524.041 of the Transportation Code, Leath requested an administrative hearing
to contest the suspension. After examining the evidence, the administrative judge upheld
the Department's decision. She subsequently appealed the decision to the County Court
of Law No. 3 in Montgomery County. Concluding that the initial stop was not supported by
reasonable suspicion or probable cause, the court reversed the administrative decision and
ordered that the Department reinstate Leath's license.

 By its first issue, the Department claims the court's judgment was in error because
it was based on the District Attorney's decision not to prosecute Leath for driving while
intoxicated. We disagree. We considered this same issue in Texas Department of Public
Safety v. Wilmoth, 83 S.W.3d 929 (Tex.App.-Amarillo 2002, no pet.). In that case, no
reasons supporting the decision to reverse were cited in the court's order, and there were
no findings of fact and conclusions of law. Id. at 931. We held that when written findings
of fact and conclusions of law are not requested or filed, then the decision being reviewed
must be affirmed on any legal theory finding support in the evidence. Id. Moreover, we
stated that oral pronouncements by the court which allegedly explain its decision cannot
be substituted for those absent findings of fact and conclusions of law. Id.

 Here, the Department bases its argument on statements made by the court
pertaining to the prosecutor's decision not to pursue felony DWI charges. As in Wilmoth,
the reasons for reversal are not clearly stated. Although the Department requested specific
findings of fact and conclusions law, none were issued or filed. However, the court's order 
provides that the DPS officer "did not have probable cause to stop Ms. Leath" and
"reasonable suspicion did not exist to make the stop." Therefore, in the absence of specific
findings, we must disregard the oral statements of the court and look to the reasons for
reversal referenced in the court's order. 

 The Department also insists the court was misguided because it considered the
decision not to prosecute as the equivalent of an acquittal. However, absent specific
findings, we are not persuaded by this theory, as the court here acknowledged "[t]he only
way you can be acquitted is to have a jury acquit you by listening to the evidence." 
Accordingly, we do not find it persuasive that the trial court based its decision solely on the
prosecutor's decision not to pursue criminal charges. The Department's first issue is
overruled.

 By its second issue, the Department argues the court's order reversing the
suspension was erroneous because the administrative findings pertaining to reasonable
suspicion, probable cause, and Leath's refusal of the breath test were supported by
substantial evidence. We agree. 

 Courts review administrative license decisions under the substantial evidence
standard. See Tex. Transp. Code Ann. § 524.041 (Vernon 1999); Tex. Gov't Code Ann.
§ 2001.174 (Vernon 2000). A court applying the substantial evidence standard of review
may not substitute its judgment for that of the agency . Tex. Gov't Code Ann. § 2001.174;
Mireles v. Tex. Dep't of Public Safety, 9 S.W.3d 128, 131 (Tex. 1999). The issue for the
reviewing court is not whether the agency decision was correct, but whether the record
demonstrates some reasonable basis for the agency's action. Mireles, 9 S.W.3d at 131. 
Courts must affirm administrative findings in contested cases if there is more than a scintilla
of evidence to support them. R.R. Comm'n of Tex. v. Torch Operating Co., 912 S.W.2d
790, 792-93 (Tex. 1995). In fact, an administrative decision may be sustained even if the
evidence preponderates against it. See id. at 793. 

 A reviewing court applying the substantial evidence standard "shall reverse . . . if
substantial rights of the appellant have been prejudiced because the administrative
findings, inferences, conclusions, or decisions are . . . not reasonably supported by
substantial evidence considering the reliable and probative evidence in the record as a
whole . . . ." Tex. Gov't Code Ann. § 2001.174(2)(E). Whether an agency's decision is
supported by substantial evidence is a question of law. Tex. Dep't Public Safety v.
Jackson, 76 S.W.3d 103, 106 (Tex.App.-Houston [14th Dist.] 2002, no pet.). Therefore,
we review the trial court's judgment under a substantial evidence review de novo. Id.

 At an administrative license hearing, the Department must prove by a
preponderance of the evidence (1) that the person had an alcohol concentration of a level
specified by section 49.01 of the Penal Code, while operating a motor vehicle in a public
place, and (2) that there existed reasonable suspicion to stop or probable cause to arrest. 
Tex. Transp. Code § 524.035(a). See also Tex. Transp. Code Ann. § 724.042(1), (2)
(Vernon Supp. 2004-05) (stating the issues for a hearing on the refusal to submit to a
breath test upon request). At the hearing in the present case, the arresting officer testified
Leath's vehicle was "moving erratically" and "drifting back and forth from the outside lane
. . . using up the entire lane, with the tires on both sides touching the lane stripes and the
fog lines, but not crossing." He also stated that she was "going slightly slower than the flow
of traffic." In his written offense report the officer explains that he stopped and investigated
the vehicle because it was being driven in a manner "consistent with an ill or intoxicated
driver." 

 During his investigation, the officer noticed Leath's speech was slurred and detected
"a strong odor of alcoholic beverage coming from the interior of the [vehicle]." After Leath
failed multiple field sobriety tests, the officer concluded that she was intoxicated and placed
her under arrest. Under the substantial evidence standard, we find this evidence to be
more than a scintilla and sufficient to provide a reasonable basis for the administrative
finding that reasonable suspicion to stop and probable cause to arrest existed under the
circumstances presented. (1) The trial court erred in holding otherwise. The Department's
second issue is sustained.

 Accordingly, we reverse the order of the trial court and affirm the administrative
decision upholding the license suspension.

 Per Curiam

 

Johnson, C.J., not participating. 

 
1. The Department also refers to the administrative finding that Leath refused to
submit a breath specimen after being requested to do so. However, the trial court did not
address this finding, and we do not find the evidence to be contrary on appeal.



04, 413-17 (Tex.Crim.App. 2006). See also
Johnston v. State, 145 S.W.3d 215, 219 (Tex.Crim.App. 2004) (discussing admissibility of
extraneous offenses); Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d
674 (1984) (establishing the two-pronged test for ineffective assistance of counsel). 
3. In granting counsel's motion to withdraw, however, we remind counsel of the
"educational" duty to inform Appellant of this Court's decision and of his right to file a pro
se petition for discretionary review in the Court of Criminal Appeals. Ex parte Owens, 206
S.W.3d 670 (Tex.Crim.App. 2006).