

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00288-CV
_____

CYPRESS DRILLING, LLC, APPELLANT

V.

MEDVE ENERGY VENTURES, LLC, APPELLEE

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CV18-0071; Honorable Graham Quisenberry, Presiding

October 31, 2019

## MEMORANDUM OPINION

Before QUINN, C.J. and PIRTLE and PARKER, J.J.

Appellant, Cypress Drilling, LLC, appeals the trial court's order dismissing its petition seeking an order to compel arbitration with Appellee, Medve Energy Ventures, LLC, based upon the trial court's lack of subject matter jurisdiction over Cypress's

petition.[1]  In a single issue, Cypress asserts that the trial court erred in denying its motion to compel and dismissing its petition for lack of subject matter jurisdiction.  We affirm the trial court's order.

## BACKGROUND

In January 2018, Cypress filed its *Original Petition and Motion to Compel Arbitration* between Cypress and Medve pursuant to a Participation Agreement executed in 2016 by the two parties ("contract").  The contract required that "[t]he legal relations among the parties shall be governed and construed in accordance with the laws of the State of Louisiana."  The arbitration clause in the contract also required the following:

> All disputes between the Parties hereto with respect to any provision of this Agreement or rights and obligations of any Party hereunder (other than disputes involving allegations of intentional fraud), which cannot be resolved by mutual agreement, will be resolved by binding arbitration in accordance with the Rules of the American Arbitration Association in Lafayette, Louisiana[,] or by any other means of alternative dispute resolution mutually agreed upon by the parties.

Cypress's petition sought to resolve "disputes" between it and Medve regarding their respective obligations under the contract.  That is, Cypress sought a declaration that the contract did not contain any of the requirements that Medve was seeking to impose on Cypress under the contract.  The petition neither described any disputes with Medve nor indicated any provisions of the contract in dispute.  In its motion, Cypress sought an

---

[1] Originally appealed to the Second Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts.  TEX. GOV'T CODE ANN. § 73.001 (West 2013).  Should a conflict exist between the precedent of the Second Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court.  TEX. R. APP. P. 41.3.

order compelling the parties to arbitrate and abate the case until such time as an arbitrator has decided any issues.

In March 2018, Medve filed a motion to dismiss Cypress's petition *for forum non conveniens.*[2] In its motion, Medve asserted that Louisiana was the most convenient forum to litigate the parties' claims based on the contract because there was pending litigation related to the contract between the two parties in federal court in Louisiana.

Also, in March 2018, the trial court held a hearing to decide Medve's motion to dismiss. At the hearing, Cypress represented that the parties had agreed to arbitrating their dispute in Louisiana and that the dispute would be resolved in Louisiana. By its motion, Cypress also represented that it merely sought an order to compel the parties to arbitrate and would not be seeking a final judgment from the trial court in Texas. At the hearing's conclusion, the trial court interpreted Medve's motion to dismiss as a motion challenging the subject matter jurisdiction of the court and dismissed the case because it lacked subject matter jurisdiction.

STANDARD OF REVIEW

We review an order denying a motion to compel arbitration under an abuse of discretion standard. *Bonded Builders Home Warranty Ass'n of Tex. v. Smith*, 488 S.W.3d 468, 476 (Tex. App.—Dallas 2016, no pet.). Under this standard of review, we defer to the trial court's factual determinations if they are supported by the evidence, but we review

---

[2] "*Forum non conveniens*" generally applies when "an appropriate forum—even though competent under the law—may divest itself of jurisdiction if, for the convenience of the litigants and the witnesses, it appears that the action should proceed in another forum in which the action might also have been brought." Black's Law Dictionary 680-81 (8th ed. 2004). *See also* TEX. CIV. PRAC. & REM. CODE ANN. §71.051 (West Supp. 2018).

3

the trial court's legal determinations *de novo*. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). We also view the evidence in the light most favorable to the trial court's ruling and defer to the trial court's resolution of conflicting evidence. *INEOS Group, Ltd. v. Chevron Phillips Chem. Co., LP,* 312 S.W.3d 843, 848 (Tex. App.—Houston [1st Dist.] 2009, no pet.). When written findings of fact are not requested or filed, as here, we affirm the ruling if it can be upheld on any legal theory reasonably supported by the evidence; *Tex. Dep't of Pub. Safety v. Wilmoth*, 83 S.W.3d 929, 931 (Tex. App.—Amarillo 2002, no pet.) (citing *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex. 1984) (per curiam)), and we reverse a trial court for abusing its discretion only when we determine the court acted in an unreasonable or arbitrary manner, meaning that it acted without reference to any guiding rules and principles. *Jackson v. Bell*, 484 S.W.3d 161, 166 (Tex. App.—Amarillo 2015, no pet.) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.3d 238, 241-42 (Tex. 1985)).

Subject matter jurisdiction is essential for a court to have the authority to resolve a case. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638-39 (Tex. 1999). Whether a trial court has subject matter jurisdiction is a threshold inquiry that can be addressed by the court *sua sponte* and at any time. *Montenegro v. Ocwen Loan Servicing, LLC*, 419 S.W.3d 561, 567 (Tex. App.—Amarillo 2013, pet. denied) (citing *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998)). Review of subject matter jurisdiction is a question of law, and we review questions of law *de novo*. *Montenegro*, 419 S.W.3d at 567 (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)).

4

**ANALYSIS**

Jurisdiction to enforce an arbitration agreement and render judgment on an arbitration award is conferred on Texas Courts by "[t]he making of an agreement described by Section 171.001 that provides for or authorizes an arbitration *in this state.*" *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.081 (West 2019) (emphasis added).[3] The jurisdiction of the trial court is invoked by filing an application with the clerk of the court for an order including a judgment or decree. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.082 (West 2019).

Here, the arbitration agreement does not provide for or authorize an arbitration in this state. Rather, the contract authorizes an arbitration in Louisiana and the parties represented at the hearing that they fully intended to arbitrate their differences in Louisiana. Neither did Cypress invoke the jurisdiction of the trial court by filing an application for an order including a judgment or decree. Instead, at the hearing, Cypress represented that it did not seek a declaration, judgment, or decree from the trial court. It simply sought an order compelling the parties to arbitrate. Accordingly, the trial court lacked subject matter jurisdiction over the suit and Cypress's petition failed to invoke the jurisdiction of the trial court. *See* TEX. PRAC. & REM. CODE ANN, §§ 171.081, 171.082 (West 2019). *See also Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 163-64 (Tex. 2004) ("A judicial decision reached without a case or controversy is an advisory opinion which is barred by the separation of powers provision of the Texas Constitution.").

---

[3] A written agreement to arbitrate is valid and enforceable if the agreement is to arbitrate a controversy that (1) exists at the time of the agreement or (2) arises between the parties after the date of the agreement. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.001 (West 2019).

Even if there were subject matter jurisdiction in the trial court, however, we could not say that the trial court would have abused its discretion if it had granted Medve's motion to dismiss Cypress's petition because Cypress did not allege in its petition and there was no evidence at the hearing that either party refused to arbitrate in accordance with their agreement.[4]  Accordingly, we find that the trial court did not abuse its discretion by granting Medve's motion and dismissing Cypress's petition for lack of subject matter jurisdiction.

## CONCLUSION

We affirm the trial court's order dismissing Cypress Drilling, LLC's petition.

Patrick A. Pirtle
Justice

---

[4] A court shall order the parties to arbitrate on application of a party showing (1) an agreement to arbitrate and (2) *the opposing party's refusal to arbitrate*.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.082 (West 2019) (emphasis added).