

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-23-00167-CV

IN RE AALIYAH TELESFORD, RELATOR

ORIGINAL PROCEEDING

June 14, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

This matter involves an initial petition for writ of mandamus filed by Aaliyah Telesford and a cross-petition for writ of mandamus by Linda Jordan. Underlying both is the care and custody of Telesford's child. The current dispute arose when the trial court initially entered temporary orders in Cause Number 2020-542,562. Jordan, the child's paternal grandmother, had sued Telesford to gain custody of the child. The trial court executed temporary orders in response to Jordan's petition without Jordan's serving Telesford with citation. According to Jordan, Telesford executed a waiver of citation. Telesford denied that and, instead, contended the purported written waiver was fraudulent and a forgery. She, therefore, commenced a bill of review to vitiate the temporary orders. The bill was assigned Cause Number DC-2022-FM-1831. The trial court heard the bill,

granted it, and vacated its earlier "'Order In Suit Affecting the Parent-Child Relationship' in Cause Number 2020-542,562." It further declared that "[t]he parties shall be returned to their original status and Cause Number 2020-542,562 shall be reopened with the 'Original Petition In Suit Affecting the Parent-Child Relationship', which was filed on December 23, 2021."

The aspect of the written order about which Telesford complains via this petition for mandamus relief entails the entry of temporary orders to replace those vacated. Therein, it provided that it "FURTHER ISSUED A SUA SPONTE ORDER, without service, notice, or a hearing on temporary orders, and over the objection of counsel for . . . Telesford, awarding temporary conservatorship of the child to non-parent . . . Jordan and ordering parent . . . Telesford to pay temporary support of the child." A separate set of temporary orders were then executed in Cause Number 2020-542,562. Telesford argues that the trial court abused its discretion in entering them because she was not afforded prior notice or hearing. In turn, Jordan believes the trial court abused its discretion in granting the bill of review. We deny the cross-petition of Jordan and conditionally grant that of Telesford.

We begin with Jordan's cross-petition. Again, she asserts that the trial court abused its discretion in granting the bill of review. It purportedly did so because the ground upon which it relied was a meaningless technicality. The latter dealt with the notarization of Telesford's signature and compliance with notarization principles. The principle in question was the obligation of the affiant to sign the notary's logbook. That was not done, which default warranted granting the bill of review. According to Jordan, such a default does not affect the validity of the waiver, though. She believes this

2

dispositive because "[t]he Court specifically found that there was no fraud committed," i.e., no forgery occurred. We reject her argument for several reasons.

First, Jordan misrepresents that the trial court found "no fraud." Rather, the trial judge said he was "not sure" fraud occurred. The two are different. Being unsure about the presence of fraud does not mean no fraud occurred.

Second, at the hearing's end the trial court said: "[B]ased on the fact solely on that the notary book does not reflect the – Ms. Telesford's signature as I believe is required by law; therefore, I'm going to find that the waiver of service is invalid." Yet, that oral announcement was omitted from the ensuing written order granting the bill of review. Nor was it included in any finding of fact or conclusion of law. Thus, like other oral statements explaining a trial court's reasoning, it serves as no substitute for a finding of fact or conclusion of law. *See Tex. Dep't of Pub. Safety v. Wilmoth*, 83 S.W.3d 929, 931 (Tex. App.—Amarillo 2002, no pet.); *Sw. Newspapers Corp. v. Curtis*, 584 S.W.2d 362, 366 (Tex. Civ. App.—Amarillo 1979, no writ). Nor may it be considered by the reviewing court. *Sw. Newspapers Corp.*, 584 S.W.2d at 366. Consequently, the trial court's decision must be upheld on any ground supported by the record, and the burden lies with the complaining party, i.e., Jordan, to disprove each potential ground. *Wilmoth*, 83 S.W.3d at 931. That said, we turn to the allegations in Telesford's bill of review.

She alleged she executed no waiver of citation. Rather, someone purportedly forged her signature to it. Moreover, the trial court invalidated the waiver of citation without issuing written findings or conclusions.[1] So, fraud and forgery being a ground upon which the trial court could have acted, Jordan was obliged to explain to us why

---

[1] Again, we cannot consider the trial court's oral comment about the basis for its decision, per our own precedent.

3

Telesford's claim of fraud and forgery was unfounded. That is, she had the burden to show it would have been an instance of abused discretion for the trial court to adopt Telesford's position. This she did not do. Indeed, she merely argued that the court expressly rejected the contention, which it did not.

We now turn to Telesford's petition for relief. Again, the trial court allegedly abused its discretion because it could not issue temporary orders without first affording Telesford notice and hearing. Statute supports that proposition. Orders concerning the temporary conservatorship and support of a child may not issue "except after notice and hearing." TEX. FAM. CODE ANN. § 105.001(b). Temporary orders pertaining to the conservatorship over and support of the child at bar were executed. Yet, as observed by the trial court, they issued without affording Telesford notice and hearing. Thus, it abused its discretion. Temporary orders being unappealable, a petition for writ of mandamus serves as an appropriate vehicle to attack their legitimacy. *Dancy v. Daggett*, 815 S.W.2d 548, 549 (Tex. 1991) (orig. proceeding) (per curiam) (op. on reh'g); *In re E.M.*, No. 02-14-00403-CV, 2015 Tex. App. LEXIS 167, at *3 (Tex. App.—Fort Worth Jan. 9, 2015, orig. proceeding) (mem. op.).

We deny Jordan's cross-petition for writ of mandamus. We conditionally grant that of Telesford. To that end, we order the trial court to vacate its "Temporary Orders in Suit Affecting the Parent-Child Relationship" signed on March 22, 2023. Should it not do so by July 13, 2023, our writ will issue directing same.


Brian Quinn
Chief Justice


4