**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Ronald Lloyd NIELSEN, Appellee.**

**No. 09–02–314 CV.**

Court of Appeals of Texas, Beaumont.

Submitted March 10, 2003.

Decided March 20, 2003.

A. No.

. . . .

A. No.

Rene S. Lial, Staff Atty., ALR Appellate Section, Kevin M. Givens, Supervisor, ALR Appellate Section, Austin, for appellant.

Steve Dennis, Conroe, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

DON BURGESS, Justice.

An Administrative Law Judge ("ALJ") authorized the Texas Department of Public Safety ("DPS") to suspend Ronald Lloyd Nielsen's driving privileges for 180 days. Nielsen appealed to the trial court, which reversed the administrative decision. DPS appeals. Nielsen did not file an appellate brief.

A deputy stopped Nielsen for speeding and driving in a center turn lane while passing other vehicles. The officer smelled alcohol in Nielsen's vehicle. After Nielsen admitted he had been drinking and refused to take field sobriety tests, the officer arrested Nielsen and took him to the Montgomery County jail where he refused to provide a breathalizer sample.

Nielsen received a notice of suspension of his driver's license for refusing to provide a breath specimen following his DWI arrest. Nielsen requested a suspension hearing. After the hearing, the ALJ authorized DPS to suspend Nielsen's driver's license on March 25, 2002. Subsequently, the state's attorney filed a motion to dismiss criminal charges against Nielsen because the offense of driving while intoxicated could not be proven beyond a reasonable doubt. The case against Nielsen was dismissed on April 17, 2002.

Nielsen appealed the administrative decision to the county court at law. There, Nielsen argued lack of reasonable suspicion and lack of probable cause as well as arguing that the dismissal was the equivalent of an acquittal on his criminal charges. Admitted into evidence was the suspension hearing transcript and the state's motion to dismiss. The trial court ruled in Nielsen's favor.

▮ We review administrative license suspension decisions under the substantial evidence standard, and may not substitute our judgment for that of the agency. *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex.1999); *see* TEX. TRANSP. CODE ANN. §§ 724.047, 524.002 (Vernon 1999); *see also Tex. Dep't of Pub. Safety v. Thompson*, 14 S.W.3d 853, 855 (Tex.App.-Beaumont 2000, no pet.); TEX. GOV'T CODE ANN. § 2001.174 (Vernon 2000). "The issue for the reviewing court is not whether the agency's decision was correct, but only whether the record demonstrates some reasonable basis for the agency's action." *Mireles*, 9 S.W.3d at 131. "Courts must affirm administrative findings in contested cases if there is more than a scintilla of evidence to support them. In fact, an administrative decision may be sustained even if the evidence preponderates against it." *Id.* (citations omitted).

In its first issue, DPS contends the trial court erred in holding the suspension should be dismissed based on the assistant district attorney's decision not to prosecute Nielsen for driving while intoxicated. DPS asserts the Texas Transportation Code provides that only an acquittal will result in rescission of an administrative suspension and that DPS's administrative rules and case law specifically exclude a decision not to prosecute from the definition of an acquittal. We agree that the district attorney's decision not to prosecute will not support the trial court's decision.

▮ While the trial court's order does not state a reason for overruling the administrative decision, and no findings of fact were requested, the record is clear that the trial court considered dismissal of the criminal charges to be an important factor in its decision. Before ruling, the court stated that the dismissal "equals an acquittal," and "[t]herefore, this person's

license should not be suspended for any administrative reason whatsoever."

Under section 724.048 of the Transportation Code, the disposition of a criminal charge arising from the same arrest as an administrative license suspension has no bearing on the suspension unless the defendant is acquitted of the criminal charge. *See* TEX. TRANSP. CODE ANN. § 724.048(b), (c) (Vernon 1999). The Transportation Code also requires DPS to adopt rules to administer the suspension statutes. *See* TEX. TRANSP. CODE ANN. § 724.003 (Vernon 1999). The adopted rules specifically provide that a pre-trial order of dismissal where jeopardy has not attached shall not be regarded as an acquittal. 37 TEX. ADMIN. CODE § 17.13(c)(1) (2002).

██ Texas case law construes "acquittal" and "attachment of jeopardy." An acquittal is an "official factfinding" "that the accused is not guilty of the criminal offense with which he is charged." *Ex parte George*, 913 S.W.2d 523, 527 (Tex. Crim.App.1995). For a dismissal or abandonment of a criminal accusation to be the equivalent of an acquittal, jeopardy must have attached. *Lewis v. State*, 889 S.W.2d 403, 406 (Tex.App.-Austin 1994, pet. ref'd). Jeopardy attaches when both sides have announced ready and the defendant has pled to the charging instrument. *State v. Torres*, 805 S.W.2d 418, 421 (Tex.Crim. App.1991).

Here, we have no record of a jury being chosen or plea taken in the criminal matter. Accordingly, the prosecutor's dismissal of the criminal charges against Nielsen was not tantamount to an acquittal, and the trial court's decision in this license suspension case cannot be affirmed on that ground. *See Texas Dept. of Public Safety v. Norrell*, 968 S.W.2d 16, 19–20 (Tex.App.-Corpus Christi 1998, no pet.); *see Texas Dept. Public Safety v. Stacy*, 954

S.W.2d 80 (Tex.App.-San Antonio 1997, no writ).

██ However, we must review other grounds possibly supporting the trial court's decision in Nielsen's favor. Here, the trial court did not issue written findings of fact and conclusions of law, and we may not consider its oral comments as a substitute for such findings and conclusions. *In re Doe 10*, 78 S.W.3d 338, 345 n. 2 (Tex.2002) (citing *In the Interest of W.E.R.*, 669 S.W.2d 716, 716 (Tex.1984)). In the absence of findings of fact and conclusions of law, we imply that the trial court found all facts necessary to support its judgment as long as they also are supported by the evidence. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex.2002). However, those implied findings may be challenged on appeal for legal and factual sufficiency where the appellate record includes the reporter's and clerk's records. *Id.*

The Amarillo Court of Appeals recently considered a similar license suspension case, *Tex. Dep't of Pub. Safety v. Wilmoth*, 83 S.W.3d 929 (Tex.App.-Amarillo 2002, no pet.). In *Wilmoth*, criminal charges against the defendant were dismissed; the trial court apparently made oral statements about the legality of maintaining the license suspension after criminal charges were dismissed; and the trial court did not enter written findings of fact and conclusions of law regarding its reversal of the administrative decision. *Wilmoth*, 83 S.W.3d at 931. The *Wilmoth* Court determined that DPS was required to address each ground asserted by Wilmoth as justifying reversal. DPS did not do so, but instead restricted its appellate complaint to the proposition that dismissing a criminal charge for driving while intoxicated did not warrant reversal of the administrative decision. *Id.* Thus, reasoned the *Wilmoth* Court in affirming the trial court, DPS

failed to carry its appellate burden and waived its opportunity to complain of the order. *Id.* (citing *Secure Comm, Inc. v. Anderson,* 31 S.W.3d 428, 430–31 (Tex. App.-Austin 2000, no pet.)).

Here, however, in its second issue DPS challenges other bases for the trial court's decision. In issue two, DPS maintains that if the trial court reversed the administrative decision for any reason other than the criminal DWI dismissal, it erred in substituting its judgment for that of the administrative judge, whose reasonable suspicion and probable cause determinations are supported by substantial evidence.

Though Nielsen included several complaints in his petition of appeal,[1] the arguments, other than dismissal of criminal charges, he presented before the trial court were lack of reasonable suspicion and lack of probable cause. Nielsen argued the officer did not have reasonable suspicion for the traffic stop because the officer was not using radar, but only estimated Nielsen's speed. Nielsen further argued that there was no probable cause for the arrest because there were no signs of Nielsen's being intoxicated other than the odor of alcohol coming from the vehicle and Nielsen's statement he had three or four beers. Nielsen maintains there was "no slurring, no stumbling, and no field sobriety test at all."

 As to whether there was reasonable suspicion to stop Nielsen, the officer testified he observed Nielsen driving a vehicle at a high rate of speed in the center turn lane while recklessly passing other vehicles. The officer estimated Nielsen was driving at least sixty-five to seventy miles per hour in an area with a speed limit of fifty-five. DPS was not required to show that a traffic offense actually was committed, but only that the officer reasonably believed that a violation was in progress. *Powell v. State,* 5 S.W.3d 369, 376–77 (Tex.App.-Texarkana 1999, pet. ref'd). Under the *Mireles* standard, we find there is substantial evidence that the officer had reasonable suspicion to stop Nielsen. *See Mireles,* 9 S.W.3d at 131.

 As to whether there was probable cause for Nielsen's arrest, the officer noticed several signs of intoxication. There was an alcoholic odor coming from the vehicle; Nielsen would not make eye contact with the officer; Nielsen kept looking forward; the officer had to repeat questions before Nielsen would answer; and Nielsen would not roll down the window and "kept trying to stick documents through just a very small crack in his window." When asked if he had been drinking, Nielsen stated he had consumed from two to four beers. Nielsen refused to take field sobriety tests. The totality of the circumstances is substantial evidence of probable cause for Nielsen's arrest. *See State v. Garrett,* 22 S.W.3d 650, 655 (Tex. App.-Austin 2000, no pet.).

Neither of Nielsen's additional grounds for reversal of the administrative decision—lack of reasonable suspicion and lack of probable cause—is supported by the record, and, thus, neither can be a basis for upholding the trial court's decision. Rather, the record demonstrates some reasonable basis for DPS's actions. We must affirm administrative findings in contested cases if there is more than a scintilla of evidence to support them. *See Mireles,* 9 S.W.3d at 131.

---

1. In his petition, Nielsen contended: (1) DPS's findings, inferences and decisions violated the applicable statute and rules; (2) the ALJ's findings, inferences, and decisions were not reasonably supported by substantial evidence; (3) the ALJ abused his discretion and his findings, inferences, and decisions were arbitrary and capricious; and (4) the hearing evidence was insufficient to suspend Nielsen's driver's license.

Accordingly, DPS's issues are sustained. We reverse the judgment of the county court at law and render judgment reinstating the administrative order authorizing DPS to suspend Nielsen's driving privileges.

REVERSED AND RENDERED.

STEVE McKEITHEN, Justice, filed a concurring opinion.

STEVE McKEITHEN, Chief Justice, concurring.

I reluctantly concur. Although the law is clear, it is beyond me how reasonable minds can accept as fact the basic premise of the State, i.e., obtaining and keeping a driver's license is a privilege, rather than a right. It offends my sense of justice that what should be a citizen's right to operate a motor vehicle on a public road can be taken away on the mere suspicion of a police officer. Yet, current law does exactly that. Therefore, I must concur in the result.