**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Byron Kahrs VARME, Appellee.**

**No. 01–06–00874–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 19, 2008.

Lisa Rice Hulsey, Assistant County Attorney, Houston, TX, for Appellant.

John S. Cossum, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and HIGLEY.

## OPINION

SHERRY RADACK, Chief Justice.

We decide whether dismissal of criminal prosecution charges for driving while intoxicated (DWI) requires civil reinstatement of driving privileges suspended under the "Implied Consent" provisions of chapter 724 of the Transportation Code.[1] Appellant, the Department of Public Safety (DPS), challenges a lower-court order vacating an order by an administrative law judge (ALJ). After conducting a contested-case hearing at Varme's request, the ALJ suspended the driver's-license privileges of appellee, Byron Kahrs Varme, for 180 days, based on Varme's refusal to submit a breath sample.[2] Varme had been stopped in Houston traffic for speeding and was arrested for DWI, but refused to submit a breath specimen. *See* TEX. TRANSP. CODE ANN. §§ 724.011, .032, .035(a)(1) (Vernon 1999 & Supp.2007). In two issues on appeal, DPS contends that the court below erred as a matter of law[3] in reversing Varme's suspension, whether by crediting Varme's contention that dismissal of related DWI charges by a crimi-

nal court barred the ALJ's order, or by impermissibly substituting its judgment for the judgment of the ALJ. We reverse and render judgment reinstating suspension of Varme's license.

## Background—Administrative Review[4]

### A. Varme's Arrest and Suspension of License

The sworn arrest report documents (the DIC–23, 24, and 25) of Houston Police Officer R. Gonzalez recite that he observed Varme driving 20 miles over the posted speed limit on Westheimer Road in Houston. Gonzalez and his fellow officer signaled Varme to stop, first using "lights and siren" and then "spotlight and PA," but Varme continued driving until he pulled into his garage, where he was arrested. The arrest documents reflect that Officer Gonzalez arrested Varme for DWI because the officer had probable cause to believe that Varme had been driving while intoxicated due to the following: (1) he admitted he had been drinking; (2) his eyes were "bloodshot"; (3) he had a "strong" odor of alcohol on his breath; (4) his speech was "slurred"; (5) his walking was "unsure"; and (6) his balance was "poor." Varme refused to submit to a breath test at the scene, which triggered suspension of his driver's license for 180 days. *See* TEX. TRANSP. CODE ANN. §§ 724.031–.035(a)(1) (Vernon 1999 & Supp.2007).

---

1. *See* TEX. TRANSP. CODE ANN. §§ 724.001–.064 (Vernon 1999 & Supp.2007).

2. *See* TEX. TRANSP. CODE ANN. § 724.041, .042 (Vernon 1999 & Supp.2007) (establishing, respectively, procedures for hearing before State Office of Administrative Hearings on suspension or denial of driver's license and issues to be determined at hearing); *see generally* 1 TEX. ADMIN. CODE § 159.1–.41 (West 2008) (State Office of Admin. Hearings,

Rules of Procedure for Administrative License–Suspension Proceedings).

3. *See* TEX. TRANSP. CODE ANN. § 524.041(d) (Vernon 2007) (limiting right of appeal of DPS to "issues of law"); 1 TEX. ADMIN. CODE § 159.37(g) (same).

4. The record on appeal contains the complete record of the administrative hearing. *See* TEX. TRANSP. CODE ANN. § 524.043 (Vernon 2007).

## B. Hearing before State Office of Administrative Hearings

Varme sought administrative review of suspension of his driving privileges before the State Office of Administrative Hearings, which resulted in a stay of suspension of his license to drive pending the ALJ's ruling. *See* TEX. TRANSP. CODE ANN. §§ 524.031, .032(d) (Vernon 2007). At the contested-case hearing that resulted, DPS had the burden to prove by a preponderance of the evidence that

 (1) a peace officer had reasonable suspicion or probable cause existed to stop or arrest Varme;

 (2) the officer had probable cause to believe that Varme was operating a motor vehicle in a public place while intoxicated;

 (3) the officer placed Varme under arrest and asked him to submit to the taking of a specimen; and

 (4) Varme refused to submit to the taking of a specimen on the officer's request.

*See* TEX. TRANSP. CODE. ANN. § 724.042 (Vernon 2007). As outlined above, Officer Gonzalez's sworn DIC–23, 24, and 25 tracked these requirements, including the requirement of probable cause.

Varme then moved to dismiss the administrative proceeding, on the grounds that (1) the County Criminal Court No. 4 of Harris County had dismissed the underlying criminal cause on March 1, 2006, for lack of probable cause and (2) the criminal court's determination was "res judicata" regarding the issue of probable cause under section 724.042(2) in the administrative hearing. The ALJ conducted the hearing on April 27, 2001 at which both parties appeared through counsel. On May 2,

2006, the ALJ rendered its written ruling in an order containing supporting findings of fact and conclusions of law.[5] This order stated that DPS had proved the following facts by a preponderance of the evidence:

1. On 2/21/06, reasonable suspicion to stop [Varme] existed, in that Officer Gonzalez observed [Varme] operate a motor vehicle at Westheimer travel [sic] 55 mph in a 35 mph zone.

2. On the same date, probable cause to arrest [Varme] existed, in that probable cause existed to believe that [Varme] was operating a motor vehicle in a public place while intoxicated, because[,] in addition to the facts in No. 1: Officer Gonzalez observed [Varme] to have an odor of alcohol and slurred speech.

3. [Varme] was placed under arrest and was properly asked to submit a specimen of breath or blood.

4. After being requested to submit a specimen of breath or blood, [Varme] refused.

Impliedly rejecting Varme's claim that dismissal of the underlying criminal case barred suspension of his license, the ALJ concluded that, "the [DPS] proved the issues set out in TEX. TRANSP. CODE ANN. § 724.042 and that [Varme's] license is subject to a suspension/denial for 180 days pursuant to TEX. TRANSP. CODE ANN. § 724.035."

## C. Appeal to County Court at Law

Varme challenged the ALJ's ruling in the court below. *See* TEX. TRANSP. CODE ANN. § 724.047 (Vernon 1999) ("Chapter 524 governs an appeal from an action of the department, following an administrative hearing under this chapter, in suspending or denying the issuance of a li-

---

**5.** *See* TEX. TRANSP. CODE ANN. § 724.043 (Vernon Supp.2007) ("Findings of Administrative Law Judge").

cense."); *id.* § 524.041(a)-(d) (Vernon 2007) (establishing right of appeal from and procedural rules for license-suspension determination by ALJ to county courts at law and limiting right of appeal of DPS to "issues of law"); *cf. Tex. Dep't of Pub. Safety v. Schaejbe,* 687 S.W.2d 727, 728 (Tex.1985) ("[Because] a driver's license is not a right, but a privilege[,]" the right to appeal a license suspension "does not exist in the absence of statutory authority."). In the court below, Varme argued once again that dismissal of the underlying criminal case barred any determination of probable cause by the ALJ. Varme also contended, in the alternative, that the evidence in the administrative hearing was legally and factually insufficient to support the ALJ's affirmative finding of probable cause. The lower court vacated the ALJ's order after conducting a hearing on substantial evidence review, but the order does not state the basis of the ruling. Accordingly, DPS challenges both grounds presented by Varme to the court below. *Cf. Tex. Dep't of Pub. Safety v. Wilmoth,* 83 S.W.3d 929, 931 (Tex.App.–Amarillo 2002, no pet.) (holding that DPS waived issue on appeal by failing to challenge alternate grounds presented to lower court reviewing ALJ order).

## Standard of Review

Whether in the trial court or this Court, the substantial-evidence standard governs review of administrative decisions in driver's license-suspension cases. *Tex. Dep't of Pub. Safety v. Alford,* 209 S.W.3d 101, 103 (Tex.2006) (citing *Mireles v. Tex. Dep't of Pub. Safety,* 9 S.W.3d 128, 131 (Tex.1999)); *see* Tex. Gov't Code Ann. § 2001.174 (Vernon 2000); 1 Tex. Admin. Code § 159.37(a) (West 2008) (State Office of Admin. Hearings, Appeal of Judge's Decision). Whether substantial evidence supports the ALJ's order is a question of law. *Alford,* 209 S.W.3d at 103. A review-

ing court conducting a substantial-evidence review may not substitute its judgment for the ALJ's judgment "on the weight of the evidence on questions committed to agency discretion." Tex. Gov't Code Ann. § 2001.174.

Pursuant to section 2001.174(1)-(2), the reviewing court (1) may "affirm the agency decision in whole or in part" and

(2) [S]hall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(A) in violation of a constitutional or statutory provision;

(B) in excess of the agency's statutory authority;

(C) made through unlawful procedure;

(D) affected by other error of law;

(E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

(F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Tex. Gov't Code Ann. § 2001.174.

To warrant either reversal or remand, therefore, the reviewing court must conclude that (1) substantial rights of the appealing party have been affected because of (2) one or more of the reasons listed in section 2001.174(2)(A)-(F). *See id.* The dispositive issue for the reviewing court is not whether the ALJ's order was correct, but whether the record demonstrates some reasonable basis for the agency's action. *Mireles,* 9 S.W.3d at 131. A court conducting a substantial evidence review of a contested case must presume that the agency decision is valid and that

substantial evidence supports it. *See Coll-ingsworth Gen. Hosp. v. Hunnicutt*, 988 S.W.2d 706, 708 (Tex.1998). We must affirm the ALJ's decision if more than a scintilla of evidence supports it, and we may affirm the ALJ's decision "even if the evidence preponderates against it." *See Mireles*, 9 S.W.3d at 131.[6]

## Discussion

### A. Criminal Dismissal Did Not Bar Suspension of Driver's License

 In its first issue, DPS contends that the court below erred as a matter of law if it vacated the ALJ's suspension order based on Varme's contention that dismissal of his underlying criminal case for "lack of probable cause" constituted a bar to suspension of his driving-license privileges by the ALJ. We agree that dismissal of criminal DWI charges is not "tantamount to an acquittal" and thus does not preclude suspension of driving-license privileges. *See Tex. Dep't of Pub. Safety v. Nielsen*, 102 S.W.3d 313, 316 (Tex.App.– Beaumont 2003, no pet.).

The dispositive factor in this case, as in *Nielsen*, 102 S.W.3d at 316, is that the State never prosecuted Varme in the related criminal case in a proceeding to which

jeopardy attached. Here, too, *see id.*, the related criminal case was merely dismissed; there was never an acquittal.

Chapter 724 of the Transportation Code contains the "implied consent" provisions that control suspension of a driver's license when a driver who is arrested for DWI refuses to provide a breath sample. *Allen v. State*, 11 S.W.3d 474, 475 (Tex.App.– Houston [1st Dist.] 2000), *aff'd*, 48 S.W.3d 775 (Tex.Crim.App.2001). Section 724.048 addresses the relationship between administrative proceedings under the implied consent provisions of the Transportation Code and related or corresponding criminal proceedings. TEX. TRANSP. CODE ANN. § 724.048 (Vernon 1999).

 Pursuant to section 724.048(a), determinations by an ALJ or the DPS are civil matters that are "independent of" and "not an estoppel" to criminal matters arising from or related to administrative suspension or denial of a driver's license and "[do] not preclude" related criminal litigation. TEX. TRANSP. CODE ANN. § 724.048(a). Conversely, section 724.048(b) specifies that,

(b) Except as provided by Subsection (c), the *disposition of a criminal charge does not affect a license suspension or denial under this chapter and is not an*

---

**6.** Because the substantial-evidence standard controlled, the court below had no authority, to the extent that it may have done so, to consider Varme's legal and factual sufficiency challenges to the evidence supporting the ALJ's rulings. More than a scintilla of evidence constitutes "substantial evidence." *See Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex.1999). In that respect, substantial-evidence review is similar to legal-sufficiency review. *See Dozier v. Texas Employment Comm'n*, 41 S.W.3d 304, 309 (Tex.App.– Houston [14th Dist.] 2001, no pet.) (contrasting standards). But the standards differ: a court conducting a substantial evidence review must presume both that the agency decision is valid *and* that substantial evidence supports it. *See Collingsworth Gen. Hosp. v.*

*Hunnicutt*, 988 S.W.2d 706, 708 (Tex.1998). Neither of these apply to traditional legal-sufficiency review. Regarding Varme's factual-sufficiency challenge, as a court conducting a substantial-evidence review of an ALJ ruling, the court below had no authority to decide issues of fact. *See Tex. State Bd. of Dental Examiners v. Sizemore*, 759 S.W.2d 114, 116 (Tex.1988); *cf.* TEX. GOV'T CODE ANN. § 2001.174 (Vernon 2000) (proscribing court conducting substantial evidence from substituting its judgment for the ALJ's judgment "on the weight of the evidence on questions committed to agency discretion"); *see also Mireles*, 9 S.W.3d at 131 (noting that reviewing court may affirm ALJ's decision "even if the evidence preponderates against it").

*estoppel as to any matter in issue* in a suspension or denial proceeding under this chapter.

(c) If a *criminal charge* arising from the same arrest as a suspension under this chapter *results in an acquittal,* the suspension under this chapter may not be imposed. If a suspension under this chapter has already been imposed, the department shall rescind the suspension and remove references to the suspension from the computerized driving record of the individual.

TEX. TRANSP. CODE ANN. § 724.048(b)-(c) (emphasis added). Disposition of a criminal charge does not affect a license suspension proceeding under the implied-consent statute, therefore, unless the charge results in an acquittal. *See id.*; *Nielsen,* 102 S.W.3d at 316.

As commanded by the Legislature in enacting section 724.003, DPS and the State Office of Administrative Hearings adopted rules governing administration of the provisions of the implied-consent statute. TEX. TRANSP. CODE ANN. § 724.003 (Vernon 1999); *see Nielsen,* 102 S.W.3d at 316 (citing same). The rules for administrative license revocation adopted in accordance with section 724.003 appear in subchapter A of chapter 17 of Chapter 37 of the Administrative Code. *See* 37 TEX. ADMIN. CODE §§ 17.1–.16 (West 2008) (Tex. Dep't of Pub. Safety, Admin. License Revocation). Rule 17.13 states the controlling rule regarding the effect of an acquittal of a related criminal charge on DPS revocation of a driver's license through administrative suspension or disqualification, whether brought pursuant to sections 49.04, 49.07, or 49.08 of the Penal Code or, as here, pursuant to section 106.041 of the Alcoholic Beverage Code. 37 TEX. ADMIN. CODE § 17.13 (West 2008) (Tex. Dep't of Pub. Safety, Effect of Acquittal).

In accordance with section 724.048(c) of the Transportation Code, section 17.13(a) of the DPS administrative rules prohibits DPS from imposing "a suspension arising out of the same conduct or transaction" that results in an acquittal upon receipt by DPS of notice of the acquittal. 37 TEX. ADMIN. CODE § 17.13(a). Section 17.13(c) further specifies the "types of dispositions of any criminal complaint [that] *shall not be regarded as an acquittal.*" 37 TEX. ADMIN. CODE § 17.13(c) (emphasis added). A *"pre-trial order of dismissal where jeopardy has not attached"* is among the "types of dispositions of any criminal complaint [that] *'shall not be regarded as an acquittal.' "* 37 TEX. ADMIN. CODE § 17.13(c)(1) (emphasis added).

 To prevail on his claim that dismissal of his related criminal charge barred administrative suspension of his driving privileges, therefore, Varme had to establish that he was "acquitted" in a proceeding in which "jeopardy attached." TEX. TRANSP. CODE ANN. § 724.048(b)-(c); 37 TEX. ADMIN. CODE § 17.13(a), (c)(1).

 An acquittal is an "official" fact finding "that the accused is not guilty of the criminal offense with which he is charged." *Ex parte George,* 913 S.W.2d 523, 527 (Tex.Crim.App.1995). For a dismissal or abandonment of a criminal accusation to constitute the equivalent of an acquittal, jeopardy must have attached. *See State v. Stanley,* 201 S.W.3d 754, 758–59 (Tex.Crim.App.2006). Jeopardy attaches when both sides have announced ready and the defendant has entered his plea to the charging instrument. *State v. Torres,* 805 S.W.2d 418, 421 (Tex.Crim.App.1991). In this case, there was never a finding by a criminal court that Varme was "not guilty" of the underlying criminal charge of DWI. *See Ex parte George,* 913 S.W.2d at 527. Likewise, because there was never a criminal trial in which a jury