TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00014-CV






Texas Department of Public Safety, Appellant


v.


Joshua Woods, Appellee






FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY,

NO. C-1-CV-08-010505, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING



 

M E M O R A N D U M O P I N I O N



 The Texas Department of Public Safety appeals the county court at law's reversal of
an administrative decision authorizing the suspension of appellee Joshua Woods's driver's license
based on Woods's refusal of an alcohol concentration test. In a single issue the Department claims
the county court at law erred in reversing the decision of the administrative law judge because the
decision was supported by substantial evidence. For the reasons that follow, we reverse and render
judgment affirming the administrative law judge's decision.


BACKGROUND


The Arrest

 Woods was arrested on July 6, 2008, by Officer Robert Foster of the Austin Police
Department for driving while intoxicated. In his affidavit for arrest and detention, Officer Foster
averred that he stopped the vehicle that Woods was driving for a routine traffic stop after clocking
the vehicle traveling 40 miles per hour in a posted zone of 30 miles per hour on South First Street
in Austin, Texas. Foster further averred that, because there was a strong odor of alcoholic beverage
emanating from Woods's vehicle and his person, Woods's eyes were watery, and Woods had a
difficult time removing his driver's license from his wallet, Foster asked Woods to exit the car and
perform the standard field sobriety tests. Foster also stated that, when Woods was getting out of his
car, he leaned on the door for balance and swayed as he was standing next to the car. Foster averred
that Woods refused to answer any questions about how much he had to drink and refused to take the
field sobriety tests. Foster also averred that, after he stopped talking, Woods turned away from him
and placed his hands behind his back. At that point, Foster placed Woods under arrest and gave
Woods the required statutory warnings. (1) After his arrest, Woods refused Foster's request for a
breath test.


The Administrative Hearing

 Woods requested an administrative hearing to contest the automatic suspension of
his driver's license by the Department under the "implied consent" provisions in chapter 724 of the
transportation code. See Tex. Transp. Code Ann. §§ 724.035(a) (upon person's refusal to submit to
taking of specimen at request of peace officer, Department shall suspend person's driver's license
for 180 days); .041 (person may request administrative hearing to contest suspension) (West Supp.
2008). At an administrative hearing held before an ALJ of the State Office of Administrative
Hearings, the Department submitted into evidence Officer Foster's offense report and a certified
copy of Woods's driving record. (2) See id. § 724.042 (West Supp. 2008). (3)
 Woods did not object to
the admission of these documents. 

 Woods testified at the hearing in his own defense. Woods testified that a magistrate
judge had dismissed all of the criminal charges against him because of a lack of probable cause, but
he "conceded that the dismissal of his criminal charges [wa]s not completely dispositive o[f] his civil
Administrative License Revocation Hearing." Woods further testified that his eyes were watery
because he had been crying; that his clothing smelled of alcoholic beverages because alcoholic
beverages had been spilled on him earlier that evening when he went to the bar at which he worked
to pick up his paycheck; and that he swayed and used the car for support because he had sustained
an ankle injury, knee injury, and groin injury playing kickball. Woods also testified, "Uh, other than
that, I have no problems with what [Officer Foster] says. The rest of his report--everything else is
accurate." On cross-examination, Woods denied having anything to drink on the night he was
stopped by Officer Foster. 

 At the conclusion of the hearing, the ALJ took the matter under advisement and
thereafter issued a decision authorizing the Department to suspend Woods's driver's license for two
years. See id. § 724.035(b) (allowing for two-year suspension if driving record shows
multiple alcohol-related contacts within ten-year period). The ALJ's decision includes the following
findings of fact:


 1) On July 6, 2008, at 11:28 p.m., reasonable suspicion to stop [Woods] existed
because [Woods] was operating a motor vehicle near [ ] the 200 block of
South 1st Street, Austin, Texas. [Woods] operated the vehicle at 40 mph in a
30 mph posted zone.


 2) On the same date, probable cause to arrest [Woods] existed in that probable
cause existed to believe that [Woods] was operating a motor vehicle in a
public place while intoxicated, because in addition to the facts in No. 1:
[Woods] had a strong odor of alcohol on his person, red eyes, and difficulty
in maintaining his balance. [Woods] refused to perform any of the standard
field sobriety tests. After his refusal and before any further action by the
arresting officer, [Woods] put his hands behind his back and stopped
speaking.


 3) [Woods] was operating a motor vehicle in a public place, Travis County,
Texas.


 4) [Woods] was placed under arrest and was properly asked to submit a
specimen of breath or blood.


 5) After being requested to submit a specimen of breath or blood, [Woods]
refused.


 6) [Woods] has had one or more alcohol or drug related enforcement contacts
during the ten years preceding the date of [Woods]'s arrest as is indicated on 
[Woods]'s driving record.


The ALJ's decision also includes the following conclusion of law:


 Based on the foregoing, the ALJ concludes the Department proved the issues outlined
in Tex. Transp. Code Ann. § 724.042 and that [Woods]'s driving privileges should
be suspended for TWO YEARS pursuant to Tex. Transp. Code Ann. § 724.035.


Judicial Review

 Woods appealed the ALJ's decision to the county court at law. See id. §§ 524.041
(appeal from administrative hearing) (West 2007), 724.047 (appeal governed by transportation code,
chapter 524) (West 1999). After a hearing on December 10, 2008, the trial court entered judgment
reversing the administrative order. This appeal followed.


DISCUSSION


 In a single issue, the Department complains that the county court at law erred in
reversing the ALJ's decision because the dismissal of the related criminal charges against Woods
has no effect upon the Department's suspension of Woods's driver's license. See id. § 724.048
(West 1999). Woods counters that the dismissal of the related criminal charges was relevant and
probative in determining whether his constitutional rights were violated and whether the ALJ's
decision was supported by substantial evidence considering the reliable evidence in the record
as a whole.


Standard of Review

 The substantial evidence rule governs our review of this appeal. See Texas Dep't of
Pub. Safety v. Alford, 209 S.W.3d 101, 103 (Tex. 2006); Mireles v. Texas Dep't of Pub. Safety,
9 S.W.3d 128, 131 (Tex. 1999). Applying a substantial evidence standard of review, a court may
reverse an ALJ's decision only if an appellant's substantial rights have been prejudiced and the
ALJ's findings are not reasonably supported by substantial evidence considering the reliable and
probative evidence in the record as a whole. See Tex. Gov't Code Ann. § 2001.174 (West 2008);
Alford, 209 S.W.3d at 103; Mireles, 9 S.W.3d at 131. We presume that the ALJ's order is supported
by substantial evidence, and we may not substitute our judgment for that of the ALJ "on the weight
of the evidence on questions committed to agency discretion." Tex. Gov't Code Ann. § 2001.174. 
Whether substantial evidence supports the ALJ's decision is a question of law that we review
de novo. Alford, 209 S.W.3d at 103.


Effect of Dismissal of Criminal Charges

 In support of its argument that the county court at law erred in reversing the ALJ's
decision, the Department relies on Texas Department of Public Safety v. Varme, 262 S.W.3d 34
(Tex. App.--Houston [1st Dist.] 2008, no pet.) and Texas Department of Public Safety v. Nielsen,
102 S.W.3d 313 (Tex. App.--Beaumont 2003, no pet.). Adopting the reasoning of our sister courts
of appeals in Varme and Nielsen, we agree with the Department that dismissal of criminal DWI
charges is not "tantamount to an acquittal" and, thus, does not preclude the Department's suspension
of Woods's driver's license under the implied consent provisions of the transportation code.

 The dispositive factor in this case, as in Varme and Nielsen, is that the State never
prosecuted Woods on the related criminal charges. Like Varme and Nielsen, the related criminal
charges against Woods were merely dismissed; there was never an acquittal.

 Transportation code section 724.048 explains the relationship between administrative
proceedings under the "implied consent" provisions of the transportation code and the related or
corresponding criminal proceedings. See Tex. Transp. Code Ann. § 724.048. Under this provision,
the determinations of an ALJ or the Department are civil matters that are "independent of" and "not
an estoppel" to criminal matters arising from or related to the administrative suspension of a driver's
license, and such determinations do not preclude related criminal litigation. Id. § 724.048(a). 
Section 724.048 further provides:


 (b) Except as provided by Subsection (c), the disposition of a criminal charge
does not affect a license suspension or denial under this chapter and is not an
estoppel as to any matter in issue in a suspension or denial proceeding under
this chapter.


 (c) If a criminal charge arising from the same arrest as a suspension under this
chapter results in an acquittal, the suspension under this chapter may not be
imposed. If a suspension under this chapter has already been imposed, the
[D]epartment shall rescind the suspension and remove references to the
suspension from the computerized driving record of the individual.


Id. § 724.048(b)-(c).

 To prevail on his claim that the dismissal of his related criminal charges bars the
Department's suspension of his driver's license, Woods must establish that he was "acquitted"
within the meaning of the statute. Id. § 724.048(c). Consistent with its legislative authority in
transportation code section 724.003, the Department has adopted rules governing the administration
of the implied consent statutes. See id. § 724.003 (West 1999); 37 Tex. Admin. Code §§ 17.1-.16
(West 2008) (Tex. Dep't of Pub. Safety). In accordance with transportation code section 724.048(c),
Rule 17.13 prohibits the Department from imposing a suspension arising out of the same conduct
or transaction that results in an acquittal. See 37 Tex. Admin. Code § 17.13. Rule 17.13 also
specifies that "the following types of dispositions of any criminal complaint shall not be regarded
as an acquittal":


 (1) a pre-trial order of dismissal where jeopardy has not attached;


 (2) a reduction of charges;


 (3) a conviction on a lesser included charge;


 (4) a disposition under Texas Penal Code, § 12.45; or


 (5) any discharge or dismissal brought about by a failure to bring a cause of
action to speedy trial within the time required by the state or federal
constitutions.


Id. § 17.13(c) (emphasis added).

 As explained by our sister court in Varme, "An acquittal is an 'official' finding of fact
'that the accused is not guilty of the criminal offense with which he is charged.'" 262 S.W.3d at 40
(quoting Ex parte George, 913 S.W.2d 523, 527 (Tex. Crim. App 1995)). For a dismissal of
criminal charges to constitute an acquittal, jeopardy must have attached. State v. Stanley,
201 S.W.3d 754, 758-59 (Tex. Crim. App. 2006). Under Texas law, jeopardy attaches when
both sides announce ready and a defendant has entered his plea to the charging instrument. 
State v. Torres, 805 S.W.2d 418, 421 (Tex. Crim. App. 1991). In this case, as in Varme and Nielsen,
there was no official finding that Woods was "not guilty" of the underlying criminal charges, and
jeopardy never attached because there was no trial in which both sides announced ready and Woods
entered a plea to a charging instrument. See id. Accordingly, we conclude that the county court at
law erred as a matter of law to the extent it relied upon the dismissal of criminal charges against
Woods to vacate the ALJ's order authorizing the Department's suspension of Woods's
driver's license.

 Alternatively, the county court at law erred as a matter of law to the extent it
substituted its judgment for that of the ALJ on matters committed to the ALJ's discretion in violation
of the substantial evidence standard of review. See Tex. Gov't Code Ann. § 2001.174; Mireles,
9 S.W.3d at 131 (court cannot substitute its judgment for that of ALJ when applying substantial
evidence standard of review). The record in this case demonstrates that the ALJ's decision was
supported by substantial evidence. The ALJ relied on the facts stated in Officer Foster's offense
report to conclude that Officer Foster had probable cause to stop and arrest Woods for DWI. Woods
was driving 10 miles per hour over the posted speed limit on a public street in Austin, Texas. 
Officer Foster observed that Woods had watery eyes, swayed when he stood next to the car and
leaned on the car door for balance, had difficulty removing his driver's license from his wallet,
refused to answer any questions about how much he had to drink or take the standard field sobriety
tests, and had an odor of alcoholic beverages emanating from his vehicle and person. Woods does
not dispute that he was speeding or that he refused to submit a breath sample. Although Woods's
testimony provided other reasons for his watery eyes, the smell of alcoholic beverages on his person
and in his vehicle, and his inability to maintain his balance while standing next to his car on the night
in question, the ALJ was free to reject Woods's testimony in favor of the sworn statements
by Officer Foster. See Southern Union Gas Co. v. Railroad Comm'n, 692 S.W.2d 137, 141-42
(Tex. App.--Austin 1985, writ ref'd n.r.e.) (in contested case hearing, ALJ is sole judge of witness
credibility and is free to accept or reject testimony of any witness or even accept "part of the
testimony of one witness and disregard the remainder"); Ford Motor Co. v. Texas Dep't of Transp.,
936 S.W.2d 427, 432 (Tex. App.--Austin 1996, no writ) (reviewing court not permitted to substitute
its judgment for that of ALJ regarding witness credibility).

 On this record, we conclude there was substantial evidence to support the ALJ's
findings that probable cause existed to stop and arrest Woods; that probable cause existed to believe
that Woods was operating a motor vehicle in a public place while intoxicated; and that Woods was
placed under arrest and was requested by Officer Foster to submit to the taking of a breath specimen
and refused to do so. See Tex. Transp. Code Ann. § 724.042. Therefore, we conclude that the
county court at law erred as a matter of law to the extent it substituted its judgment for that of the
ALJ on those matters. See Tex. Gov't Code Ann. § 2001.174; Mireles, 9 S.W.3d at 131. Like our
sister court in Varme, we further conclude that the errors of the county court at law prejudiced the
Department's substantial rights to enforce the transportation code. See Varme, 262 S.W.3d at 41. 
We sustain the Department's issue on appeal.


CONCLUSION


 Having sustained the Department's issue on appeal, we reverse the county court at
law's judgment and render judgment affirming the ALJ's decision authorizing the Department's
suspension of Woods's driver's license.




 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Reversed and Rendered

Filed: August 6, 2009

1. In a search incident to arrest, Officer Foster seized a substance from Woods's vehicle that
appeared to be marijuana. Thus, Woods was charged with possession of marijuana in addition to
driving while intoxicated. 
2. The Department offered Woods's driving record for purposes of enhancement only. See
Tex. Transp. Code Ann. § 724.035(b) (West Supp. 2008).
3. Under section 724.042, the issues at the hearing are whether:


 (1) reasonable suspicion or probable cause existed to stop or arrest the person;


 (2) probable cause existed to believe that the person was:


 (A) operating a motor vehicle in a public place while intoxicated; or


 (B) operating a watercraft powered with an engine having a
manufacturer's rating of 50 horsepower or above while intoxicated;


 (3) the person was placed under arrest by the officer and was requested to submit
to the taking of a specimen; and


 (4) the person refused to submit to the taking of a specimen on request of the
officer.


Id. § 724.042 (West Supp. 2008).