TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00624-CV






Texas Department of Public Safety, Appellant


v.


Frank Allocca, Appellee






FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY

NO. C-1-CV-08-003145, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING





O P I N I O N


 The Texas Department of Public Safety (the Department) appeals from the
trial court's order reversing an administrative decision rendered by the State Office of Administrative
Hearings (SOAH), authorizing suspension of appellee Frank Allocca's driver's license. The
trial court reversed and restored Allocca's driving privileges based on a determination that the
administrative decision was not supported by substantial evidence. We affirm the judgment of the
trial court.


BACKGROUND

 At approximately 1:45 a.m. on June 5, 2007, Austin Police Department
Officer Shawn Williams was dispatched to a Jiffy Lube location on West Parmer Lane to investigate
a suspicious vehicle reported in the parking lot. Upon reaching the location, Williams observed
Allocca sleeping in the driver's seat of his vehicle with the engine running. After waking Allocca,
Williams noted that he had glassy eyes, smelled of alcoholic beverages, and swayed upon exiting the
vehicle. Williams administered field sobriety tests, which gave some indication that Allocca was
intoxicated. Allocca also had five beers in his possession and admitted to Williams that he had
consumed two or three beers that evening. Based on his observations, Williams arrested Allocca for
driving while intoxicated (DWI). Allocca refused Williams's request to provide a breath specimen
in connection with the arrest.

 Allocca's driver's license was suspended as a result of his refusal to provide a
breath specimen and he appealed the suspension to SOAH. See Tex. Transp. Code Ann. § 724.035
(West Supp. 2008) (Department shall automatically suspend driver's license of person who refuses
to provide specimen upon arrest for DWI). The evidence presented at the administrative hearing
consisted solely of Williams's incident report and Allocca's testimony. Allocca testified that he was
the manager of the Jiffy Lube location where the incident occurred and that he had left his vehicle
parked behind the Jiffy Lube after work that day and gone to a sports bar with some friends. 
According to Allocca, a friend's girlfriend had driven him to the sports bar and then dropped him
off at his vehicle later that evening. Allocca testified that when he returned to his vehicle, he ate
some food and then reclined the driver's seat in order to go to sleep. When asked why he chose to
sleep in his vehicle, Allocca answered, "Because I had already been arrested for DWI and knew I was
drinking and didn't want to drive again." Allocca further testified that the vehicle was not running
when he initially went to sleep, but that he later woke up and turned on the vehicle because he was
hot and wanted to use the air conditioning. During the time that Allocca was asleep in his vehicle,
his feet were on the floorboard and the vehicle was in park. The Department did not challenge
Allocca's credibility on any portion of his testimony. (1) 

 The administrative law judge (ALJ) issued an order suspending Allocca's
driver's license for two years and Allocca appealed to the county court at law of Travis County,
arguing that there was not probable cause to believe he had actually operated the vehicle while
intoxicated. After a hearing, the county court determined that the ALJ's decision was not supported
by substantial evidence and issued an order reversing the administrative decision and reinstating
Allocca's driver's license. The Department now appeals, arguing in a single point of error that the
county court erred in reversing the ALJ's decision because probable cause existed to believe that
Allocca had operated his vehicle while intoxicated.


STANDARD OF REVIEW

 Administrative license revocation cases are reviewed using a substantial-evidence
standard. See Tex. Transp. Code Ann. § 524.002(b) (West 2007), § 724.047 (West 1999);
Tex. Gov't Code Ann. § 2001.174 (West 2008); see also Texas Dep't of Pub. Safety v. Varme,
262 S.W.3d 34, 38 (Tex. App.--Houston [1st Dist.] 2008, no pet.) ("Whether in the trial court or
this Court, the substantial-evidence standard governs review of administrative decisions in
driver's license-suspension cases."). Under substantial-evidence review, an administrative decision
may not be reversed unless substantial rights of the appellant have been prejudiced because
the decision is:


(A) in violation of a constitutional or statutory provision;


(B) in excess of the agency's statutory authority;


(C) made through unlawful procedure;


(D) affected by other error of law;


(E) not reasonably supported by substantial evidence considering the reliable and
probative evidence in the record as a whole; or


(F) arbitrary or capricious or characterized by abuse of discretion or clearly
unwarranted exercise of discretion.


Tex. Gov't Code Ann. § 2001.174(2). 



 Issues on appeal that are strictly questions of law are reviewed de novo. Texas Dep't
of Pub. Safety v. Jackson, 76 S.W.3d 103, 106 (Tex. App.--Houston [14th Dist.] 2002, no pet.); see
also Partee v. Texas Dep't of Pub. Safety, 249 S.W.3d 495, 499 n.3 (Tex. App.--Amarillo 2007,
no pet.) ("Once the underlying facts are established, the existence of probable cause is a question of
law for the court."). 


DISCUSSION

 At a driver's license suspension hearing, the Department bears the burden of proving
that (1) reasonable suspicion or probable cause existed to stop or arrest the person; (2) probable
cause existed to believe that the person was operating a motor vehicle in a public place while
intoxicated; (3) the person was placed under arrest and asked to submit to a breath or blood test; and
(4) the person refused the request to provide a specimen. See Tex. Transp. Code Ann. § 724.042
(West Supp. 2008).

 Only the second factor remains in dispute in the present case, as Allocca conceded
in the administrative hearing that there was reasonable suspicion to investigate him, that he was
placed under arrest, and that he refused Williams's request to provide a breath specimen. (2) 
Furthermore, Allocca testified that the Jiffy Lube parking lot was open to the public and that, on the
night in question, he had been drinking to the point where he did not think he should drive. 
Therefore, this appeal turns solely on the question of whether Allocca, by sleeping in the car with
the engine running, actually operated his vehicle as a matter of law. See id. (requiring probable cause
to believe person was "operating a motor vehicle in a public place while intoxicated")
(emphasis added). 

 While the transportation code does not provide a definition of "operating," the court
of criminal appeals has held that for purposes of DWI, a defendant operates a vehicle when the
totality of the circumstance demonstrates "that the defendant took action to affect the functioning
of his vehicle in a manner that would enable the vehicle's use." Denton v. State, 911 S.W.2d 388, 
390 (Tex. Crim. App. 1995). This definition does not require that the vehicle actually move. See
id. (holding operation occurred when defendant started ignition and revved accelerator in attempt
to move vehicle). 

 In support of its argument that Allocca was operating the vehicle when Thomas found
him sleeping in it, the Department points to a number of cases in which a driver was considered to
have operated a vehicle despite being found asleep at the wheel. See Dornbusch v. State,
262 S.W.3d 432, 433, 437-38 (Tex. App.--Fort Worth 2008, no pet.) (holding that operation
occurred where driver was found asleep, "hunched over the steering wheel" in parking lot with
headlights on and loud music playing and where "there was testimony indicating that the vehicle was
not in park and that the only thing keeping the vehicle from moving was the curb"); Stagg v. Texas
Dep't of Pub. Safety, 81 S.W.3d 441, 445 (Tex. App.--Austin 2002, no pet.) (concluding that
probable cause existed that driver, found asleep at wheel and blocking lane of traffic, had operated
vehicle, noting that "[t]he fact that the car was in the center of the street, not stopped at the curb, is
significant"); Milam v. State, 976 S.W.2d 788, 789 (Tex. App.--Houston [1st Dist.] 1998, pet. ref'd)
(determining that operation occurred despite driver being found asleep because engine was running,
vehicle was in gear, driver's foot was on brake, and driver put car in reverse upon being awakened);
Barton v. State, 882 S.W.2d 456, 460-61 (Tex. App.--Dallas 1994, no pet.) (holding that driver who
was asleep at wheel with feet on clutch and brake, engine idling, and car in roadway protruding into
intersection, and who then proceeded to engage clutch and change gears upon being awakened by
police, operated vehicle). (3) In each of these cases, there was at least one additional factor, other than
the driver being asleep with the engine running, that indicated the driver had attempted or intended
to drive the vehicle. 

 Here, Allocca was not stopped in the middle of a roadway or in a moving lane of
traffic, but was parked in his usual parking space behind the building where he worked. He did not
have a foot on the brake and had not turned on the headlights. (4) Furthermore, the car was in park, and
the front seat was reclined to better accommodate sleeping. (5) The circumstances in which
Allocca was found, particularly the reclined front seat, would have made it difficult, if
not impossible, for Allocca to "enable the vehicle's use" for its intended purpose--that being the
purpose of driving, rather than as a source of air conditioning. Therefore, we hold that Allocca did
not take an "action to affect the functioning of his vehicle in a manner that would enable the
vehicle's use" by sleeping in the car with the front seat reclined, the car in park, the lights off, and
the engine running solely for the purpose of air conditioning, while parked in a parking lot behind
his place of employment. See Denton, 911 S.W.3d at 390. As a result, the administrative
finding that probable cause existed to believe that Allocca was operating his vehicle
while intoxicated is not supported by substantial evidence. The Department's issue on appeal
is overruled.




CONCLUSION

 We affirm the trial court's order reversing the administrative decision and reinstating
Allocca's driver's license. 


 ___________________________________________

 Diane M. Henson, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

 Dissenting Opinion by Justice Waldrop

Affirmed

Filed: August 31, 2009
1. Williams's incident report states that he observed Allocca sleeping in the driver's seat of
his truck with the engine running and that Allocca was "surprised" to be awakened by police. The
report further states that Allocca informed Williams that he left the engine running in order to check
the oil pressure on the truck and "he also wanted the truck engine on so he could have air
conditioning while he slept."
2. At the hearing, Allocca's counsel stated, "On June 5 reasonable suspicion? Definitely. An
officer can walk up and talk to anyone. . . . Defendant was placed under arrest. Definitely. 
Defendant refused. Definitely. On June 5 probable cause existed that the Defendant was operating
the vehicle? No, sir." 
3. See also Partee v. Texas Dep't of Pub. Safety, 249 S.W.3d 495, 500 (Tex. App.--Amarillo
2007, no pet.) (substantial evidence supported finding of probable cause to believe appellant was
operating motor vehicle when discovered asleep at wheel with foot on brake, engine running, brake
lights illuminated, gearshift engaged, and car straddling shoulder and roadside ditch); Hearne
v. State, 80 S.W.3d 677, 680 (Tex. App.--Houston [1st Dist.] 2002, no pet.) (driver operated vehicle
when found asleep at wheel in moving lane of traffic); Freeman v. State, 69 S.W.3d 374, 376
(Tex. App.--Dallas 2002, no pet.) (driver operated vehicle when found asleep with lights on, car in
drive, and wheel resting against curb of public street).
4. No evidence was presented at the administrative hearing regarding headlights, but
Allocca's counsel represented at the hearing before the county court that the headlights were not
illuminated and the Department did not challenge this statement.
5. The Department does not challenge the factual assertions in Allocca's testimony, but argues
that according to his own testimony, he was operating the vehicle as a matter of law, based solely
on the fact that the engine was running.