# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REHEARING

## NO. 03-13-00502-CV

**Roderick Lee Mitchell, M.D., Appellant**

**v.**

**Texas Medical Board, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. D-1-GN-13-000240, HONORABLE TIM SULAK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

We withdraw our opinion and judgment dated February 4, 2015, and substitute the following in its place.

The Texas Medical Board (the Board) revoked Dr. Roderick Lee Mitchell's license to practice medicine. Mitchell filed a suit for judicial review of the agency order. *See* Tex. Gov't Code § 2001.176. The district court affirmed the agency order. Mitchell's two appellate issues reduce to the contention that the agency order is void because the administrative law judge (ALJ) failed to send a copy of his proposal for decision (PFD) to either Mitchell or his counsel. *See* 1 Tex. Admin. Code § 155.507(b) (2014) (State Office of Admin. Hearings, Proposal for Decision). We will affirm.

## BACKGROUND

Mitchell held a license to practice medicine issued by the Board in 1981. In September 2011, the Board filed a complaint against Mitchell based on allegations that he violated the Texas Occupations Code and certain administrative rules. *See* Tex. Occ. Code § 164.052 (identifying prohibited practices by physicians); 22 Tex. Admin. Code § 190.8 (2014) (Tex. Med. Bd., Violation Guidelines) (identifying practices and conduct considered to be violations of Medical Practice Act). The State Office of Administrative Hearings (SOAH) held a contested-case hearing before an ALJ. Mitchell attended the hearing with his attorney, Craig Washington, but submitted no exhibits and called no witnesses. The ALJ prepared a PFD, which included numerous proposed findings of fact and conclusions of law detailing the various violations the ALJ determined that Mitchell committed. The record includes correspondence dated October 1, 2012, from the ALJ to the Board's Executive Director enclosing a copy of the PFD. The letter indicates that a copy of that correspondence and enclosed PFD was sent to Mitchell's attorney by regular mail addressed to his office in Houston.

On November 7, the Board's hearings coordinator sent a letter to the ALJ informing him that the PFD would be presented to the Board for consideration and approval at a meeting to be held on November 30. The letter indicates that a copy of this letter was sent to Craig Washington, again at his Houston office. On November 8, a staff attorney for the Board sent a letter to Washington informing him that the Board would consider the PFD at its November 30 meeting and informing him of the opportunity to make a brief oral presentation. The record contains a delivery confirmation tracking number from Lone Star Overnight indicating that this correspondence was delivered to

2

Washington's Houston office on November 9, 2012. Mitchell does not contend that his counsel did not receive this correspondence, and there is no indication in the record that either Mitchell or his attorney attended the November 30 meeting.

The Board signed and entered its final order on November 30. The final order states that the ALJ presided over the contested case and prepared a PFD containing findings of fact and conclusions of law on October 1. The final order recites that "the PFD was properly served on all parties, and all parties were given an opportunity to file exceptions and replies as part of the record herein. No Exceptions were filed by either party." The Board adopted the findings of fact and conclusions of law included in the PFD and ordered Mitchell's medical license revoked as of the date of the final order. On December 29, Mitchell filed a notice of appearance designating Joseph R. Willie, II, as his new attorney-in-charge. The notice stated that Washington would remain "of counsel" on the matter and requesting that all further communications regarding the proceeding be forwarded to Willie. That day Willie also filed a motion for rehearing of the final order. The motion for rehearing stated: "It is the Respondent [sic] contention that Attorney Washington was never served with the Proposal for Decision nor was the Respondent served with the Proposal for Decision." *See* 1 Tex. Admin. Code § 155.507(b) (requiring that ALJ furnish copy of PFD to each party). In the motion Mitchell contends that, as a result of the ALJ's failure to serve him with a copy of the PFD, he was denied his right to file exceptions to it, which he argues constitutes a violation of his equal protection and due process rights guaranteed by the United States and Texas Constitutions. Mitchell maintains that, as a consequence, any final order predicated on the PFD is void as a matter of law.

3

The Board denied Mitchell's motion for rehearing in January 2013. Mitchell then filed suit for judicial review. As he had argued in his motion for rehearing, Mitchell's original petition stated: "It is the Respondent [sic] contention that Attorney Washington was never served with the Proposal for Decision nor was the Respondent served with the Proposal for Decision." Mitchell asserted that the Board's final order revoking his medical license was void for the reason that neither he nor his attorney was served with the PFD, depriving him of his right to file exceptions thereto in violation of his constitutional rights to equal protection and due process.

While the suit for judicial review was pending in Travis County district court, the Board was notified that Mitchell was continuing to practice medicine. Specifically, the Board received information from the Texas Department of Public Safety that Mitchell was continuing to write prescriptions following revocation of his license. As a consequence, the Board filed an application for a temporary restraining order and temporary injunction to prohibit Mitchell from continuing to practice medicine without a license. In its verified application, the Board stated that Willie (Mitchell's counsel) had incorrectly informed a health-care facility that Mitchell was still able to practice medicine while his suit for judicial review was pending. The Board correctly argued that a Board order is not stayed during pendency of an appeal unless otherwise ordered by a court. *See* Tex. Occ. Code § 164.011(b) (person may not practice medicine or deliver health-care services in violation of disciplinary order or action of board while an appeal is pending unless order or action is stayed by appropriate court).

Mitchell then filed a response and cross-application for temporary injunction again arguing that the Board's revocation order was void because the PFD was not served on Mitchell's counsel or Mitchell as required by the Board's rules and he was therefore unable to file exceptions

4

to the PFD. Mitchell sought to enjoin the Board from enforcing the revocation order and asked that the case be remanded to the Board to afford Mitchell the opportunity to "rebut the Proposal for Decision rendered by the Administrative Law Judge." The district court granted the Board's request for a temporary restraining order, enjoined Mitchell from practicing medicine until further order of the court, and set a hearing on the Board's request for a temporary injunction. Thereafter, the district court held a hearing and granted the Board's request for a temporary injunction prohibiting Mitchell from practicing medicine until further order of the court and denied Mitchell's cross-application.

In July 2013, the district court held a trial on the merits of Mitchell's suit for judicial review. At trial, Willie again asserted that the Board's revocation order was void because the ALJ did not send a copy of the PFD to Washington, Mitchell's counsel, or to Mitchell. The district court rendered judgment affirming the Board's order revoking Mitchell's license to practice medicine. Mitchell then perfected this appeal, contending that the ALJ's alleged failure to serve the PFD on either Mitchell or his counsel, which he contends deprived him of a right to file exceptions to the PFD, violated his constitutional rights and "vitiates, as a matter of law, the entire administrative process."

## DISCUSSION

Whether in the trial court or in this Court, the substantial-evidence standard governs review of administrative decisions in medical doctor's license-revocation cases. *See* Tex. Gov't Code § 2001.174; *Scally v. Texas Bd. of Med. Exam'rs*, 351 S.W.3d 434, 440-41 (Tex. App.—Austin 2011, pet. denied). Pursuant to section 2001.174(1)-(2), the reviewing court may "affirm the agency decision in whole or in part" and

5

(2) [S]hall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

    (A) in violation of a constitutional or statutory provision;

    (B) in excess of the agency's statutory authority;

    (C) made through unlawful procedure;

    (D) affected by other error of law;

    (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

    (F) arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion.

Tex. Gov't Code § 2001.174. To warrant reversal or remand, therefore, the reviewing court must conclude that (1) substantial rights of the appealing party have been affected because of (2) one or more of the reasons listed in section 2001.174(2)(A)-(F). *See id.* A court conducting a substantial evidence review of a contested case must presume that the agency decision is valid and that substantial evidence supports it. *See, e.g.*, *Texas Dep't of Pub. Safety v. Varme*, 262 S.W.3d 34, 38-39 (Tex. App.—Houston [1st Dist] 2008, no pet.).

SOAH's administrative rules provide that an ALJ "shall submit the proposal for decision to the referring agency and furnish a copy to each party." 1 Tex. Admin. Code § 155.507(b). The parties may then submit to the ALJ and the referring agency exceptions to the PFD. *Id.* § 155.507(c). Exceptions must be filed within 15 days after the date of service of the PFD. *Id.* § 155.507(c)(1). If service is by regular mail, the date of service is presumed to be no later than three days after mailing. *Id.* § 155.507(c)(2). Upon proper request and for good cause or by agreement

6

of the parties, the ALJ may extend the time to file exceptions to the PFD.  *Id.* § 155.507(3), (4).

Mitchell's complaint in the district court and in this Court is his assertion that the ALJ did not

comply with his obligation to serve him with a copy of the PFD, which deprived him of the right

to file exceptions to its contents.  Thus, to warrant reversal of the agency's order, Mitchell must

demonstrate that his substantial rights were prejudiced *because* the ALJ did not send him the PFD.

This requires some showing that, at a minimum, Mitchell had objections to the PFD that, if lodged,

could serve as the basis for determining that the decision to revoke his license was not supported by

substantial evidence, and his substantial rights were thereby prejudiced.

        Although Mitchell argues that the ALJ violated the law and his constitutional rights,

he offers no explanation for how any lack of opportunity to file exceptions to the PFD could have

prejudiced his substantial rights.  Mitchell attended the contested-case hearing but offered no testimony

and submitted no evidence in opposition to the Board's request to suspend his license.  Assuming

the ALJ did in fact fail to furnish Mitchell a copy of the PFD, Mitchell has not articulated any valid

exception to the PFD that he could or would have submitted to the ALJ or to the Board.  In fact,

Mitchell does not dispute that he had notice of the contents of the PFD on November 30, before it

was presented to the Board and that he filed a motion for rehearing of the Board's revocation

decision.  Mitchell has not explained how not having an opportunity to file any exceptions to the

PFD prejudiced any of his substantial rights.  We must presume that the agency's decision was valid

and supported by substantial evidence.  The administrative record contains considerable testimony

supporting the Board's allegations that served as the basis for its decision to revoke Mitchell's

license.  In the absence of some indication of how Mitchell's not having an opportunity to file initial

7

objections to the PFD prejudiced his substantial rights, we have no basis for reversing that agency decision. We overrule Mitchell's first issue.

In his second issue, Mitchell makes the assertion, unsupported by any authority, that the failure of an ALJ to comply with administrative rule 155.507(b) in and of itself violates constitutional rights and thereby voids any agency order predicated on that PFD. However, Mitchell attended the contested-case hearing, though he declined to present evidence. He also filed a motion for rehearing and a suit for judicial review. We also note that Mitchell's counsel never requested an extension of time to file exceptions to the PFD once he undisputedly was aware of its existence before the November 30, 2012 hearing when it was presented to the Board. Mitchell has not demonstrated that any of his constitutional rights were violated by the alleged failure to furnish him with a copy of the PFD. We overrule Mitchell's second issue.

**CONCLUSION**

For the reasons stated above, we affirm the district court's judgment affirming the Board's final order revoking Mitchell's license to practice medicine.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed on Rehearing

Filed: April 15, 2015

8