# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00014-CV

**Texas Department of Public Safety, Appellant**

**v.**

**Joshua Woods, Appellee**

## FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY, NO. C-1-CV-08-010505, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The Texas Department of Public Safety appeals the county court at law's reversal of an administrative decision authorizing the suspension of appellee Joshua Woods's driver's license based on Woods's refusal of an alcohol concentration test. In a single issue the Department claims the county court at law erred in reversing the decision of the administrative law judge because the decision was supported by substantial evidence. For the reasons that follow, we reverse and render judgment affirming the administrative law judge's decision.

## BACKGROUND

*The Arrest*

Woods was arrested on July 6, 2008, by Officer Robert Foster of the Austin Police Department for driving while intoxicated. In his affidavit for arrest and detention, Officer Foster averred that he stopped the vehicle that Woods was driving for a routine traffic stop after clocking

the vehicle traveling 40 miles per hour in a posted zone of 30 miles per hour on South First Street in Austin, Texas. Foster further averred that, because there was a strong odor of alcoholic beverage emanating from Woods's vehicle and his person, Woods's eyes were watery, and Woods had a difficult time removing his driver's license from his wallet, Foster asked Woods to exit the car and perform the standard field sobriety tests. Foster also stated that, when Woods was getting out of his car, he leaned on the door for balance and swayed as he was standing next to the car. Foster averred that Woods refused to answer any questions about how much he had to drink and refused to take the field sobriety tests. Foster also averred that, after he stopped talking, Woods turned away from him and placed his hands behind his back. At that point, Foster placed Woods under arrest and gave Woods the required statutory warnings.[1] After his arrest, Woods refused Foster's request for a breath test.

### The Administrative Hearing

Woods requested an administrative hearing to contest the automatic suspension of his driver's license by the Department under the "implied consent" provisions in chapter 724 of the transportation code. *See* Tex. Transp. Code Ann. §§ 724.035(a) (upon person's refusal to submit to taking of specimen at request of peace officer, Department shall suspend person's driver's license for 180 days); .041 (person may request administrative hearing to contest suspension) (West Supp. 2008). At an administrative hearing held before an ALJ of the State Office of Administrative

---

[1] In a search incident to arrest, Officer Foster seized a substance from Woods's vehicle that appeared to be marijuana. Thus, Woods was charged with possession of marijuana in addition to driving while intoxicated.

Hearings, the Department submitted into evidence Officer Foster's offense report and a certified copy of Woods's driving record.[2] *See id.* § 724.042 (West Supp. 2008).[3] Woods did not object to the admission of these documents.

Woods testified at the hearing in his own defense. Woods testified that a magistrate judge had dismissed all of the criminal charges against him because of a lack of probable cause, but he "conceded that the dismissal of his criminal charges [wa]s not completely dispositive o[f] his civil Administrative License Revocation Hearing." Woods further testified that his eyes were watery because he had been crying; that his clothing smelled of alcoholic beverages because alcoholic beverages had been spilled on him earlier that evening when he went to the bar at which he worked to pick up his paycheck; and that he swayed and used the car for support because he had sustained

---

[2] The Department offered Woods's driving record for purposes of enhancement only. *See* Tex. Transp. Code Ann. § 724.035(b) (West Supp. 2008).

[3] Under section 724.042, the issues at the hearing are whether:

(1)     reasonable suspicion or probable cause existed to stop or arrest the person;

(2)     probable cause existed to believe that the person was:

    (A)     operating a motor vehicle in a public place while intoxicated; or

    (B)     operating a watercraft powered with an engine having a manufacturer's rating of 50 horsepower or above while intoxicated;

(3)     the person was placed under arrest by the officer and was requested to submit to the taking of a specimen; and

(4)     the person refused to submit to the taking of a specimen on request of the officer.

*Id.* § 724.042 (West Supp. 2008).

an ankle injury, knee injury, and groin injury playing kickball. Woods also testified, "Uh, other than that, I have no problems with what [Officer Foster] says. The rest of his report—everything else is accurate." On cross-examination, Woods denied having anything to drink on the night he was stopped by Officer Foster.

At the conclusion of the hearing, the ALJ took the matter under advisement and thereafter issued a decision authorizing the Department to suspend Woods's driver's license for two years. *See id.* § 724.035(b) (allowing for two-year suspension if driving record shows multiple alcohol-related contacts within ten-year period). The ALJ's decision includes the following findings of fact:

1)      On July 6, 2008, at 11:28 p.m., reasonable suspicion to stop [Woods] existed because [Woods] was operating a motor vehicle near [ ] the 200 block of South 1st Street, Austin, Texas. [Woods] operated the vehicle at 40 mph in a 30 mph posted zone.

2)      On the same date, probable cause to arrest [Woods] existed in that probable cause existed to believe that [Woods] was operating a motor vehicle in a public place while intoxicated, because in addition to the facts in No. 1: [Woods] had a strong odor of alcohol on his person, red eyes, and difficulty in maintaining his balance. [Woods] refused to perform any of the standard field sobriety tests. After his refusal and before any further action by the arresting officer, [Woods] put his hands behind his back and stopped speaking.

3)      [Woods] was operating a motor vehicle in a public place, Travis County, Texas.

4)      [Woods] was placed under arrest and was properly asked to submit a specimen of breath or blood.

5)      After being requested to submit a specimen of breath or blood, [Woods] refused.

6)      [Woods] has had one or more alcohol or drug related enforcement contacts during the ten years preceding the date of [Woods]'s arrest as is indicated on [Woods]'s driving record.

The ALJ's decision also includes the following conclusion of law:

Based on the foregoing, the ALJ concludes the Department proved the issues outlined in Tex. Transp. Code Ann. § 724.042 and that [Woods]'s driving privileges should be suspended for TWO YEARS pursuant to Tex. Transp. Code Ann. § 724.035.

*Judicial Review*

Woods appealed the ALJ's decision to the county court at law. *See id.* §§ 524.041 (appeal from administrative hearing) (West 2007), 724.047 (appeal governed by transportation code, chapter 524) (West 1999). After a hearing on December 10, 2008, the trial court entered judgment reversing the administrative order. This appeal followed.

**DISCUSSION**

In a single issue, the Department complains that the county court at law erred in reversing the ALJ's decision because the dismissal of the related criminal charges against Woods has no effect upon the Department's suspension of Woods's driver's license. *See id.* § 724.048 (West 1999). Woods counters that the dismissal of the related criminal charges was relevant and probative in determining whether his constitutional rights were violated and whether the ALJ's decision was supported by substantial evidence considering the reliable evidence in the record as a whole.

*Standard of Review*

The substantial evidence rule governs our review of this appeal. *See Texas Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006); *Mireles v. Texas Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999). Applying a substantial evidence standard of review, a court may reverse an ALJ's decision only if an appellant's substantial rights have been prejudiced and the ALJ's findings are not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole. *See* Tex. Gov't Code Ann. § 2001.174 (West 2008); *Alford*, 209 S.W.3d at 103; *Mireles*, 9 S.W.3d at 131. We presume that the ALJ's order is supported by substantial evidence, and we may not substitute our judgment for that of the ALJ "on the weight of the evidence on questions committed to agency discretion." Tex. Gov't Code Ann. § 2001.174. Whether substantial evidence supports the ALJ's decision is a question of law that we review *de novo*. *Alford*, 209 S.W.3d at 103.

*Effect of Dismissal of Criminal Charges*

In support of its argument that the county court at law erred in reversing the ALJ's decision, the Department relies on *Texas Department of Public Safety v. Varme*, 262 S.W.3d 34 (Tex. App.—Houston [1st Dist.] 2008, no pet.) and *Texas Department of Public Safety v. Nielsen*, 102 S.W.3d 313 (Tex. App.—Beaumont 2003, no pet.). Adopting the reasoning of our sister courts of appeals in *Varme* and *Nielsen*, we agree with the Department that dismissal of criminal DWI charges is not "tantamount to an acquittal" and, thus, does not preclude the Department's suspension of Woods's driver's license under the implied consent provisions of the transportation code.

The dispositive factor in this case, as in *Varme* and *Nielsen*, is that the State never prosecuted Woods on the related criminal charges. Like *Varme* and *Nielsen*, the related criminal charges against Woods were merely dismissed; there was never an acquittal.

Transportation code section 724.048 explains the relationship between administrative proceedings under the "implied consent" provisions of the transportation code and the related or corresponding criminal proceedings. *See* Tex. Transp. Code Ann. § 724.048. Under this provision, the determinations of an ALJ or the Department are civil matters that are "independent of" and "not an estoppel" to criminal matters arising from or related to the administrative suspension of a driver's license, and such determinations do not preclude related criminal litigation. *Id.* § 724.048(a). Section 724.048 further provides:

> (b)  Except as provided by Subsection (c), *the disposition of a criminal charge does not affect a license suspension* or denial under this chapter and is not an estoppel as to any matter in issue in a suspension or denial proceeding under this chapter.

> (c)  *If a criminal charge* arising from the same arrest as a suspension under this chapter *results in an acquittal*, the suspension under this chapter may not be imposed. If a suspension under this chapter has already been imposed, the [D]epartment shall rescind the suspension and remove references to the suspension from the computerized driving record of the individual.

*Id.* § 724.048(b)-(c).

To prevail on his claim that the dismissal of his related criminal charges bars the Department's suspension of his driver's license, Woods must establish that he was "acquitted" within the meaning of the statute. *Id.* § 724.048(c). Consistent with its legislative authority in transportation code section 724.003, the Department has adopted rules governing the administration

7

of the implied consent statutes. *See id.* § 724.003 (West 1999); 37 Tex. Admin. Code §§ 17.1-.16 (West 2008) (Tex. Dep't of Pub. Safety). In accordance with transportation code section 724.048(c), Rule 17.13 prohibits the Department from imposing a suspension arising out of the same conduct or transaction that results in an acquittal. *See* 37 Tex. Admin. Code § 17.13. Rule 17.13 also specifies that "the following types of dispositions of any criminal complaint *shall not be regarded as an acquittal*":

(1)     a pre-trial order of dismissal where jeopardy has not attached;

(2)     a reduction of charges;

(3)     a conviction on a lesser included charge;

(4)     a disposition under Texas Penal Code, § 12.45; or

(5)     any discharge or dismissal brought about by a failure to bring a cause of action to speedy trial within the time required by the state or federal constitutions.

*Id.* § 17.13(c) (emphasis added).

As explained by our sister court in *Varme*, "An acquittal is an 'official' finding of fact 'that the accused is not guilty of the criminal offense with which he is charged.'" 262 S.W.3d at 40 (quoting *Ex parte George*, 913 S.W.2d 523, 527 (Tex. Crim. App 1995)). For a dismissal of criminal charges to constitute an acquittal, jeopardy must have attached. *State v. Stanley*, 201 S.W.3d 754, 758-59 (Tex. Crim. App. 2006). Under Texas law, jeopardy attaches when both sides announce ready and a defendant has entered his plea to the charging instrument. *State v. Torres*, 805 S.W.2d 418, 421 (Tex. Crim. App. 1991). In this case, as in *Varme* and *Nielsen*,

8

there was no official finding that Woods was "not guilty" of the underlying criminal charges, and jeopardy never attached because there was no trial in which both sides announced ready and Woods entered a plea to a charging instrument. *See id.* Accordingly, we conclude that the county court at law erred as a matter of law to the extent it relied upon the dismissal of criminal charges against Woods to vacate the ALJ's order authorizing the Department's suspension of Woods's driver's license.

Alternatively, the county court at law erred as a matter of law to the extent it substituted its judgment for that of the ALJ on matters committed to the ALJ's discretion in violation of the substantial evidence standard of review. *See* Tex. Gov't Code Ann. § 2001.174; *Mireles*, 9 S.W.3d at 131 (court cannot substitute its judgment for that of ALJ when applying substantial evidence standard of review). The record in this case demonstrates that the ALJ's decision was supported by substantial evidence. The ALJ relied on the facts stated in Officer Foster's offense report to conclude that Officer Foster had probable cause to stop and arrest Woods for DWI. Woods was driving 10 miles per hour over the posted speed limit on a public street in Austin, Texas. Officer Foster observed that Woods had watery eyes, swayed when he stood next to the car and leaned on the car door for balance, had difficulty removing his driver's license from his wallet, refused to answer any questions about how much he had to drink or take the standard field sobriety tests, and had an odor of alcoholic beverages emanating from his vehicle and person. Woods does not dispute that he was speeding or that he refused to submit a breath sample. Although Woods's testimony provided other reasons for his watery eyes, the smell of alcoholic beverages on his person and in his vehicle, and his inability to maintain his balance while standing next to his car on the night

in question, the ALJ was free to reject Woods's testimony in favor of the sworn statements by Officer Foster. *See Southern Union Gas Co. v. Railroad Comm'n*, 692 S.W.2d 137, 141-42 (Tex. App.—Austin 1985, writ ref'd n.r.e.) (in contested case hearing, ALJ is sole judge of witness credibility and is free to accept or reject testimony of any witness or even accept "part of the testimony of one witness and disregard the remainder"); *Ford Motor Co. v. Texas Dep't of Transp.*, 936 S.W.2d 427, 432 (Tex. App.—Austin 1996, no writ) (reviewing court not permitted to substitute its judgment for that of ALJ regarding witness credibility).

On this record, we conclude there was substantial evidence to support the ALJ's findings that probable cause existed to stop and arrest Woods; that probable cause existed to believe that Woods was operating a motor vehicle in a public place while intoxicated; and that Woods was placed under arrest and was requested by Officer Foster to submit to the taking of a breath specimen and refused to do so. *See* Tex. Transp. Code Ann. § 724.042. Therefore, we conclude that the county court at law erred as a matter of law to the extent it substituted its judgment for that of the ALJ on those matters. *See* Tex. Gov't Code Ann. § 2001.174; *Mireles*, 9 S.W.3d at 131. Like our sister court in *Varme*, we further conclude that the errors of the county court at law prejudiced the Department's substantial rights to enforce the transportation code. *See Varme*, 262 S.W.3d at 41. We sustain the Department's issue on appeal.

## CONCLUSION

Having sustained the Department's issue on appeal, we reverse the county court at law's judgment and render judgment affirming the ALJ's decision authorizing the Department's suspension of Woods's driver's license.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Reversed and Rendered

Filed:   August 6, 2009

11